

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| R. H., | ) | No. ED107362 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of City of St. Louis |
| vs. | ) | |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL | ) | |
| CRIMINAL RECORDS REPOSITORY, | ) | Honorable Joan L. Moriarty |
| et al., | ) | |
| | ) | |
| Respondents. | ) | Filed: July 9, 2019 |


OPINION

R. H.[1] ("Appellant") appeals from the judgment of the trial court granting in part and

denying in part his Petition for Expungement. Appellant asserts three points on appeal, arguing:

(1) the trial court erred in concluding expungement of his second-degree burglary conviction was

excluded under Section 610.140.2[2] because second-degree burglary is not one of the ineligible

offenses listed in the statute; (2) the trial court erred in concluding expungement of his second-

---

[1] We refer to this party by initials to protect the identity of the party. "It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal." *See R.G. v. Mo. State Highway Patrol*, No. WD82176, 2019 WL 2256855, at *1 n.1 (Mo. App. W.D. May 28, 2019). "To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." *Id*.

[2] All statutory references are to RSMo (2016).

degree burglary conviction was excluded under Section 610.140.5 because the court applied the incorrect discharge date for the offense; and (3) the trial court erred in expunging his marijuana and trespassing arrests under Section 610.140.2 instead of closing or sealing the records pursuant to Sections 610.120, 610.105, and 557.011.2(3), as Appellant requested.

Respondents include the Missouri State Highway Patrol Criminal Records Repository (the "State") and the St. Louis City Police Department (the "City") (collectively "Respondents").[3] The State agrees with Appellant's first two arguments and concedes the trial court erred in failing to expunge Appellant's second-degree burglary conviction. The City also agrees with Appellant's first argument and concedes the trial court erred in finding second-degree burglary is an excluded offense under Section 610.140.2. However, the City disagrees with Appellant's second argument and argues the judgment should nonetheless be affirmed because the second-degree burglary conviction was not eligible for expungement under Section 610.140.5.

We reverse the judgment and remand the case to the trial court for further proceedings.

Factual and Procedural Background

On October 2, 1968, Appellant was arrested for first-degree assault, but there is no record he was formally charged for this offense ("first-degree assault arrest"). On July 31, 1970, Appellant was arrested and charged with second-degree burglary. On October 19, 1970, the court found Appellant guilty of this charge, sentenced Appellant to two years in prison, suspended execution of the sentence, and placed Appellant on two years of probation ("second-degree burglary conviction"). Appellant's probation was extended and was successfully completed on

---

[3] Appellant named numerous other Respondents in his Petition, however only the State and the City filed a responsive brief in this appeal.

December 18, 1973. Sometime in 1972, while Appellant was on probation for his second-degree burglary conviction, he was arrested and charged with a felony drug offense ("felony drug charge"). On January 19, 1973, the court found Appellant guilty of this offense and sentenced him to three years of probation, which Appellant successfully completed on May 2, 1975.[4] On February 21, 1975, Appellant was arrested for a marijuana offense, but there is no record he was formally charged for this offense ("marijuana arrest"). On July 7, 2004, Appellant was arrested for misdemeanor trespassing, but there is no record he was formally charged for this offense ("trespassing arrest").

On April 15, 2018, Appellant filed a Petition for Expungement ("Petition") pursuant to Section 610.140, requesting the expungement of records relating to four offenses: the first-degree assault arrest; the second-degree burglary conviction; the marijuana arrest; and the trespassing arrest. In the Petition, Appellant made sworn statements indicating compliance with each of the six statutory criteria for expungement under Section 610.140.2, including that he "ha[s] not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, RSMo, during the time period specified for the underlying offense, violation, or infraction in section 610.140.5.1, RSMo[.]"

On May 30, 2018, the State filed its Answer,[5] asserting that it did not have any records regarding the marijuana or trespassing arrests and opposing expungement of the first-degree assault arrest and second-degree burglary conviction. The State argued first-degree assault is not

---

[4] The record is unclear whether the court imposed a sentence and suspended its execution or suspended imposition of a sentence. Appellant asserts the court suspended the imposition of his sentence and placed him on three years of probation, which he successfully completed on May 2, 1975. The State asserts Appellant's records reflect he was sentenced to three years in prison. However, the record does not contain the relevant records or any other evidence regarding Appellant's sentence or the actual disposition of this case.

[5] The City did not file a separate Answer and joined in the State's Answer, as well as each of the State's other filings.

an eligible offense under Section 610.140.2, and Appellant did not meet the statutory requirements for expungement of the second-degree burglary conviction under Section 610.140.5 because "[Appellant] was charged with and found guilty of a felony within [seven] years from the date he completed the authorized disposition for the burglary offense." The State asserted Appellant was found guilty of the felony drug charge on January 19, 1973 and that this date appeared to fall within the seven-year period after Appellant completed his two-year probation sentence for second-degree burglary, which began on October 19, 1970.

On July 8, 2018, Appellant filed his Reply to the State's Answer, in which he requested an oral hearing on the record. Appellant argued the second-degree burglary charge was expungeable because it was not one of the ineligible offenses listed in Section 610.140.2, and Appellant was not convicted of any felony or misdemeanor during the relevant statutory period set forth under Section 610.140.5.[6] Appellant asserted he was never convicted on the felony drug charge because the court suspended imposition of sentence and placed him on three years of probation, which he successfully completed on May 2, 1975. Appellant also conceded his first-degree assault arrest was not eligible for expungement, and requested that the records be closed or sealed pursuant to Sections 610.105 and 557.011.2(3). Finally, Appellant clarified that he was not requesting expungement of the marijuana and trespassing charges, but rather that these records be "automatically closed" pursuant to Sections 610.105 and 557.011.2(3) "due to the fact that they were never processed either as nolle prosequi cases [sic], acquittals, refusals or dismissals."

---

[6] Appellant stated the statutory period was twenty years, apparently citing an older version of the statute prior to the 2016 amendment which shortened the statutory period from twenty years to seven years. *See* Section 610.140.5 RSMo (Cum. Supp. 2013).

On July 10, 2018, the court held a hearing. Appellant was present and again requested the hearing be conducted on the record. However, no court reporter was present and no record was made of the proceedings. On July 11, 2018, Appellant filed an Addendum and Amended Petition, in which he reasserted the arguments in his Reply and expressed that the second-degree burglary charge was Appellant's "most important expungement request." Appellant also asserted that the State's Answer included the "wrong date of conviction for the felony burglary in the second degree [conviction]."

On July 24, 2018, the State filed its Response to Appellant's Addendum and Amended Petition, in which it withdrew its opposition to expungement of the second-degree burglary conviction. The State explained that it found original court records for this conviction showing Appellant successfully completed his probation and was discharged by the court on December 18, 1973. Based on this "new information contained in the original records," the State conceded the second-degree burglary offense was expungeable under Section 610.140.5 because Appellant's felony drug conviction "occurred prior to, and thus outside of, the time frame [sic] specified in Section 610.140.5(1) and (2)."

On October 19, 2018, the trial court entered an Order and Judgment granting Appellant's Petition in part, and denying it in part. The court granted Appellant's request to expunge his marijuana and trespassing arrests, finding Appellant met all statutory criteria for expungement of the these offenses. The court denied Appellant's request to expunge the first-degree assault arrest and second-degree burglary conviction, finding "Sections 610.140.2 and 610.140.5 RSMo

exclude the assault charge, burglary conviction, and felony drug conviction[7] in [Appellant]'s expungement requests." This appeal follows.

## Points on Appeal

Appellant asserts three points on appeal. In Point I, Appellant argues the trial court erred in finding his second-degree burglary conviction was not eligible for expungement under Section 610.140.2 because the statute does not list second-degree burglary as an offense ineligible for expungement. In Point II, Appellant argues the trial court erred in finding his second-degree burglary conviction was not eligible for expungement under Section 610.140.5 because the court "failed to apply the proper authorized discharge date for Appellant's underlying offense of second-degree burglary. . . and Appellant has not been convicted of a felony or misdemeanor after his underlying discharge date of December 18, 1973." In Point III, Appellant argues the trial court erred in granting his expungement requests for the marijuana and trespassing arrests "because in doing so it invoked the issue presented in §610.140(12) concerning the lifetime expungement limits Appellant is entitled [sic] . . . [and the court] appears to have ignored Appellant's request to 'close or seal' his criminal records for the [marijuana], trespassing, and assault offenses."

## Standard of Review

As this was a court-tried case, appellate review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *B.K. v. Mo. State Highway Patrol*, 561 S.W.3d 876, 879 (Mo. App. W.D. 2018). We will affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it

---

[7] Although the court found Appellant's felony drug conviction was not expungeable, Appellant had not included this offense in his Petition and never requested this offense be expunged.

6

erroneously applies the law. *Id*. We must view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment, disregarding all contrary evidence and inferences. *Id*. The trial court's application of statutory requirements is a question of law, which we review *de novo*. *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 453 (Mo. App. E.D 2016).

## I.  The Trial Court Erred in Concluding Section 610.140.2 Excludes Expungement of Appellant's Second-Degree Burglary Conviction (Point I)

In Point I, Appellant argues the trial court erred in concluding the second-degree burglary conviction is not eligible for expungement under Section 610.140.2, and we agree. Section 610.140.2 sets forth a list of ten categories of offenses, violations, and infractions that are "not eligible for expungement under this section[.]" *See Perkins v. Bridgeton Police Dep't*, 549 S.W.3d 504, 506-07 (Mo. App. E.D. 2018) (Section 610.140.2 lists offenses "for which expungement shall not be available"). The language in Section 610.140.2 is clear and unambiguous, therefore we must give words and phrases in the statute their plain and ordinary meanings. *St. Louis Cty. Police Dep't*, 505 S.W.3d at 454. Respondents correctly concede that second-degree burglary does not fall within any of the listed categories of ineligible offenses under the plain meaning of the statute. Accordingly, we find the trial court erred in concluding the offense was ineligible for expungement under Section 610.140.2. Point I is granted.

## II.  The Trial Court Erred in Finding Section 610.140.5 Excludes Expungement of Appellant's Second-Degree Burglary Conviction (Point II)

In Point II, Appellant argues the trial court erred in finding his second-degree burglary conviction is not eligible for expungement under Section 610.140.5, and we agree.

In order to be entitled to expungement of the second-degree burglary conviction, Appellant was required to satisfy the six statutory criteria for expungement set forth in Section 610.140.5:

7

(1) It has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;

(2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection;

(3) The person has satisfied all obligations relating to any such disposition, including the payment of any fines or restitution;

(4) The person does not have charges pending;

(5) The petitioner's habits and conduct demonstrate that the petitioner is not a threat to the public safety of the state; and

(6) The expungement is consistent with the public welfare and the interests of justice warrant the expungement.

Section 610.140.2(1)–(6).

Here, Appellant's Petition contained sworn statements asserting he satisfied each of the six statutory criteria contained in Section 610.140.5(1)–(6), and there is no dispute that Appellant satisfied criteria (1) and (3) through (6). The only question is whether Appellant satisfied Section 610.140.5(2) by establishing that he was not found guilty of any misdemeanor or felony during the seven-year period following the completion of his two-year probation sentence for second-degree burglary. *See W.C.H. v. State*, 546 S.W.3d 612, 615 (Mo. App. E.D. 2018) (the time period specified in Section 610.140.5 begins on the date the "[petitioner] completed any sentence of imprisonment or any period of probation or parole, not the date of the petitioner's conviction for the offense he or she is seeking to expunge"). Regarding criterion (2), Appellant attested, "I have not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, RSMo, during the time period specified for the underlying offense, violation, or infraction in section 610.140.5.1[.]"

Initially, the State argued Appellant failed to satisfy Section 610.140.5(2) because "[Appellant] was found guilty of a felony within seven years of the authorized disposition for the burglary offense." In support of this argument, the State asserted Appellant was convicted of a

felony drug charge on January 19, 1973, and that this date appeared to fall within the seven-year period after Appellant completed his two-year probation sentence for second-degree burglary, which began on October 19, 1970. Therefore, the State argued, Appellant failed to satisfy the requirement in Section 610.140.5(2) that he have no misdemeanor or felony convictions during the seven-year period following the authorized disposition of the underlying offense.

Following the hearing, however, the State located the original court records showing Appellant's probation had been extended and was successfully completed on December 18, 1973. The State filed a Response to Appellant's amended petition withdrawing its opposition to the expungement of the second-degree burglary conviction. The State attached a copy of the court records to its Response and conceded the records demonstrated Appellant satisfied Section 610.140.5(2) because the felony drug conviction occurred before the probationary period was completed.

We find the only evidence in the record before us regarding compliance with Section 610.140.5(2) establishes that Appellant was not found guilty of any other misdemeanor or felony during the seven-year period after the completion of his probation for the second-degree burglary conviction. The seven-year period in Section 610.140.5(2) started with the completion of any authorized disposition of the offense, not the date of Appellant's conviction. Section 610.140.5(2); *See W.C.H.*, 546 S.W.3d at 615. While there was evidence Appellant was placed on two years' probation on October 19, 1970, there was no evidence contradicting Appellant's sworn statement that he was not found guilty of any other misdemeanor or felony in the seven years after he completed his probation. As the State conceded, Appellant was discharged from probation on December 19, 1973. Therefore, the felony drug plea on January 19, 1973 occurred outside of the time period specified in Section 610.140.5(2). Accordingly, Appellant carried his

9

burden of establishing compliance with Section 610.140.5(2), and the trial court's judgment that he did not satisfy this criterion was against the weight of the evidence.

The City now argues we should disregard the court records showing the date Appellant was discharged from probation when addressing the weight of the evidence because the records were not presented to the trial court during the hearing. We disagree. The court records at issue were filed by the State immediately after the hearing and several months prior to the court's judgment. Notably, the City joined in all the State's filings, including the State's Response, and did not object to the court records being submitted after the hearing or file a separate response. The trial court had authority to take judicial notice of its own records, which it appears to have considered based on facts cited in the judgment. *See Underwood v. Kahala*, LLC, 554 S.W.3d 485, 496 (Mo. App. S.D. 2018). The City does not contest either the accuracy of the court records or the fact that they demonstrate Appellant's compliance with the requirement in Section 610.140.5(2).

For the foregoing reasons, we find the trial court erred in concluding Section 610.140.5 excluded expungement of Appellant's second-degree burglary conviction because the evidence in the record demonstrated Appellant satisfied all the statutory criteria in Section 610.140.5, including that he was not convicted of a felony or misdemeanor during the seven-year period after he successfully completed his probation for that offense. Point II is granted.

## III. We Need not Address Whether the Trial Court Erred in Expunging Appellant's Marijuana and Trespassing Arrests (Point III)

In Point III, Appellant argues the trial court erred in granting his petition to expunge the marijuana and trespassing arrests because the court ignored Appellant's request in his amended petition that the records related to these offenses be closed or sealed pursuant to Sections 610.105 and 557.011.2(3). We need not address this argument because our holdings in Points I

and II are dispositive as we are remanding this case back to the trial court. *See Edwards v. City of Ellisville*, 426 S.W.3d 644, 650 (Mo. App. E.D. 2013) (a claim of error may be rendered moot by an appellate disposition remanding the case to the trial court). Upon remand, the trial court may consider whether the second-degree burglary conviction and the marijuana and trespassing arrests are all expungeable, in light of the lifetime expungement limits contained in Section 610.140(12). Appellant will also have an opportunity to raise his argument to the trial court at that time. *See Hayes v. State*, 755 S.W.2d 425, 430 (Mo. App. S.D. 1988) (upon remand, appellant will have an opportunity to consider whether an amendment to the petition is necessary). Accordingly, Point III is denied as moot.

Conclusion

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this Opinion.

_____
Angela T. Quigless, J.

Roy L. Richter, P.J., and
Robert M. Clayton III, J., concur.

11