

# Missouri Court of Appeals
## Southern District

### Division Two

L.F.W., JR.,                                )
                                            )
    Petitioner-Respondent,   )
                                            )
vs.                                         )   Nos. SD35745, 35746 & 35747
                                            )        CONSOLIDATED
MISSOURI STATE HIGHWAY                       )
PATROL CRIMINAL RECORDS                      )   **Filed:  October 10, 2019**
REPOSITORY, ET. AL.,                         )
                                            )
    Respondents-Appellants.   )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Judge David B. Mouton

## <u>REVERSED</u>

The State of Missouri (Criminal Records Repository of the Missouri State Highway Patrol) ("State") appeals the three judgments expunging criminal records of L.F.W., Jr. ("L.W."). The State argues L.W.'s records were ineligible for expungement pursuant to section 610.140 because: (1) his arrest involved a violation of state law regulating the operation of a motor vehicle and L.W. had been issued a commercial driver's license ("CDL"); and (2) his petitions for expungement were filed prematurely.[1] We agree, and reverse.

---

[1] References to section 610.140 are to RSMo. (2016), effective from January 1, 2018 to August 27, 2018. All other statutory citations are to RSMo. (2016). All rule citations are to Missouri Court Rules (2019).

## Background and Procedural History

On March 28, 2016, L.W. was operating a commercial motor vehicle when he was issued three citations by the Missouri State Highway Patrol.[2] The first citation ("Case 1") listed the offense as "[f]ailed to register nonresident commercial motor vehicle – reciprocal agreement: NO temporary" in violation of section 301.277. L.W. was arrested and fingerprinted in connection with the Case 1 citation.[3] The second citation ("Case 2") listed the offense as "operating commercial motor vehicle without [a] seatbelt" in violation of section 307.400. The third citation ("Case 3") listed the offense as "[o]perat[ing] as an [i]nter-state motor fuel user without being licensed as such" in violation of section 142.830. On all three citations, in the space where L.W.'s driver's license number was listed, the box was checked "yes" under the "CDL" heading. Case 1 was later dismissed. The original charges in Cases 2 and 3 were later amended, and L.W. ultimately pled guilty to driving without a seatbelt (Case 2) and a defective equipment infraction (Case 3).[4]

---

[2] A "commercial motor vehicle" is defined as a "motor vehicle designed or regularly used for carrying freight and merchandise, or more than fifteen passengers." § 302.010. The uniform citations describing each charge against L.W. state he was operating a 1980 Ford Model 9000. L.W.'s brief acknowledges he was operating a 1980 Ford dump truck when he was pulled over.

[3] The parties disagree on the date of L.W.'s arrest, but the determination of this exact date is not necessary for our analysis of Case 1.

[4] Our record contains only scant information regarding the disposition of these charges. Although the trial court was asked to take judicial notice of the underlying cases, the court failed to make any ruling on the matter. Moreover, even if the court had taken judicial notice, the actual records of the underlying proceedings do not appear in the record of the trial court. "[S]ince it does not appear from the record, we cannot say what [the judge] judicially noticed." *Scheufler v. Cont'l Life Ins. Co.*, 169 S.W.2d 359, 365 (Mo. 1943). Nevertheless, "[w]here a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record." *Impey v. Hart*, 471 S.W.3d 776, 778 n.2 (Mo. App. S.D. 2015) (quoting *Thornbury v. Morris Oil Co.*, 846 S.W.2d 238, 239 n.2 (Mo. App. S.D. 1993)). Both parties agree the charge in Case 1 was dismissed, the charge in Case 2 was amended to the infraction of driving without a seatbelt, and the charge in Case 3 was amended to a defective equipment infraction. The exact dates when this happened are unclear. L.W. and State conclude in their respective briefs that Case 2 and Case 3 were "disposed" of on March 1, 2017 (L.W.), and L.W. was "found guilty and fined on March 1, 2017" (State).

On February 13, 2018, L.W. filed three amended expungement petitions with attached exhibits, including the original related citation in each case. In the first petition (Case 1), the "dismissed" case, he sought expungement of records related to "failure to register." In the second petition (Case 2), he sought expungement of records related to a plea of guilty to "operating w/o seatbelt." In the third petition (Case 3), he sought expungement of records related to a plea of guilty to "defective equipment."

The trial court held a hearing on May 24, 2018. At the hearing, no witnesses testified but the State's attorney argued that the filing was premature as three years had not passed. The court took the case based on the "verified petitions" and orally granted expungement on all three cases. On June 4, 2018, the court entered its written "Order of Expungement" in each of the three cases granting expungement of L.W.'s criminal records.

On July 3, 2018, the State filed motions on each case to reconsider the court's expungement orders. In these motions, the State alleged L.W. "possessed, or was required to possess a [CDL]" at the time of his arrest or when he committed the offense, therefore L.W. was "not eligible for expungement[.]" The court made no ruling on the motions to reconsider. On November 19, 2018, the court filed three "Judgment[s]" of expungement.[5] The State timely appealed, and the three appeals were consolidated by order of this Court.[6]

## Standard of Review

---

[5] The trial court's Orders of Expungement did not become "final" until they were later denominated as "Judgment[s]" on November 19, 2018, in compliance with Rule 74.01(a). ***State ex rel. Henderson v. Asel***, 566 S.W.3d 596, 599 (Mo. banc 2019).

[6] L.W. argues that the State's appeals were not timely, but this argument lacks merit. The State's Notices of Appeal for all three cases were electronically filed on October 5, 2018. When a notice of appeal is filed prematurely, "such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Rule 81.05(b). Therefore, any appeal filed prior to the entry of a final judgment, as here, is timely.

In a court-tried case, the standard of review is governed by **Murphy v. Carron**. **W.C.H. v. State**, 546 S.W.3d 612, 614 (Mo. App. E.D. 2018) (citing **Murphy v. Carron**, 536 S.W.2d 30, 32 (Mo. banc 1976)); **R.G. v. Missouri State Hwy. Patrol**, 580 S.W.3d 38, 40 (Mo. App. W.D. 2019). The trial court's judgment will be affirmed "unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." **W.C.H.**, 546 S.W.3d at 614. The application of statutory requirements is a question of law, not fact, and will be reviewed *de novo*. **Id.**

## Discussion

The State raises two points on appeal: 1) that the trial court erred in ordering expungement because L.W. had been issued a CDL and was not eligible to have his records expunged as the offenses involved the regulation of motor vehicles; and 2) that L.W.'s petitions were filed prematurely.[7] With respect to Case 1, the State's point regarding the CDL has merit. With respect to Case 2 and Case 3, the State's point regarding the time requirements for filing a petition for expungement has merit.

### Case 1

Section 610.140 states any person "may apply to any court in which such person was charged or found guilty of any offenses, violations, or infractions for an order to expunge records of such arrest, plea, trial, or conviction." § 610.140.1. Not all offenses are eligible for expungement, however, because section 610.140.2 "sets forth a list of ten

---

[7] At trial, the State argued that the three-year time period set out in section 610.140.6 applied to L.W.'s petition to expunge his arrest record in Case 1 (the dismissed case), and the three-year time period set out in section 610.140.5 applied to Case 2 and Case 3 (disposed of by guilty plea). The State does not make this same argument on appeal. Instead, the State now argues the expungements in all three cases were prohibited by section 601.140.5(1) because they "were filed before expiration of the three-year waiting period[.]"

4

categories of offenses, violations, and infractions" ineligible for expungement. ***R.H. v. Missouri State Hwy. Patrol Crim. Records Repository***, 578 S.W.3d 398 (Mo. App. E.D. 2019).  Section 610.140 states:

> 2.  The following offenses, violations, and infractions shall not be eligible for expungement under this section:
>
> . . . .
>
> (10) Any violations of any state law or county or municipal ordinance regulating the operation of motor vehicles when committed by an individual who has been issued a [CDL] or is required to possess a [CDL] issued by this state or any other state.

§§ 610.140.2 and 610.140.2(10).[8]

Whether section 610.140.2(10)'s prohibition on expungement for certain categories of offenses applies to L.W.'s petitions is not an issue of fact but an issue of statutory interpretation.  For such issues, this Court's job is "to discern the intent of the legislature from the language used."  ***Spradling v. SSM Health Care St. Louis***, 313 S.W.3d 683, 686 (Mo. banc 2010).  Issues of statutory interpretation are subject to *de novo* review.  ***Newsome v. Kansas City, Mo. Sch. Dist.***, 520 S.W.3d 769, 780 (Mo. banc 2017).  Because "the language in section 610.140.2 is clear and unambiguous," the words must be given their "plain and ordinary meanings."  ***R.H.***, 578 S.W.3d at 403.

In Case 1, the citation alleged a violation of section 301.277.  This statute "regulat[es] the operation of motor vehicles," because section 301.277 requires "that the operator of any vehicle for which reciprocal privileges are claimed must have in his possession a valid and legal registration certificate or other evidence of proper

---

[8] Other expungement provisions in Chapter 610 make CDL holders similarly ineligible to seek other types of expungements. *See, e.g.*, § 610.130.4 (governing intoxication-related offenses) ("The provisions of this section shall not apply to any individual who has been issued a [CDL] or is required to possess a [CDL] issued by this state or any other state."); § 610.122.1(2)(b) (prohibiting expungement for certain types of arrest records where the person seeking expungement holds a CDL and was operating a commercial motor vehicle when he or she was arrested).

5

registration issued for such vehicle by the state or other jurisdiction in which it is registered."  § 610.140.2(10), § 301.277.2; *see generally* § 301.271-.279 (dealing with reciprocity in registration with other states).

The evidence before the trial court was that L.W. "had been issued a [CDL]."  The Case 1 citation showed the box checked "yes" for "CDL."  L.W. held a CDL on the date the citation was issued.  The charge on the citation stated "Failed to register nonresident commercial motor vehicle – reciprocal agreement:  NO temporary[.]"

L.W.'s ineligibility for an expungement in Case 1 is for an arrest, and not for a conviction, because this case was dismissed.  Section 610.140.6, which applies to arrest records, states:

> 6. A petition to expunge records related to an ***arrest for an eligible offense, violation, or infraction*** may be made in accordance with the provisions of this section to a court of competent jurisdiction in the county where the petitioner was arrested no earlier than three years from the date of arrest; provided that, during such time, the petitioner has not been charged and the petitioner has not been found guilty of any misdemeanor or felony offense.

§ 610.140.6 (emphasis added).  Because this statute refers to an "eligible" offense, violation, or infraction, it does not permit the expungement of arrest records related to infractions deemed ineligible under section 610.140.2.  Since L.W.'s purported violation regulated the operation of a motor vehicle, and since he had been issued a CDL, his arrest record was not eligible for expungement under section 610.140.2(10).[9]

---

[9] The language of section 610.140.2(10) as applied to any individual "who has been issued a [CDL] or is required to possess a [CDL] issued by this state or any other state" is also found in section 610.130.4, previously located in section 577.054.  The phrase "who has been issued a [CDL]" has been interpreted to apply to an individual who has ever been issued a CDL, even if he later surrenders that license.  ***State v. Owen***, 216 S.W.3d 227, 230 (Mo. App. W.D. 2007).  In ***Owen***, a person's status as having possessed a CDL "at some point" rendered him ineligible for expungement under section 577.054.  ***Id.*** at 229-30.  Similarly, L.W.'s status of having a CDL renders his criminal records in Case 1 ineligible for expungement.

L.W. attempts to avoid reversal of his Case 1 expungement by arguing that the State failed to preserve its point 1 argument when it failed to raise this issue at the original hearing. The State's motion to reconsider, raising the CDL issue, was filed on July 3, 2018, within thirty days after the trial court's Order of Expungement. However, the Orders of Expungement in all three cases were interlocutory until "Judgment[s]" were entered on November 19, 2018. *See* Rule 74.01; *Henderson*, 566 S.W.3d at 599 ("[A] judgment must be denominated 'judgment' and signed by the judge[.]"). Here the Judgment was not rendered until November and the trial court had the opportunity to revise its decision. *See McMahan v. Missouri Dept. of Soc. Servs.*, 980 S.W.2d 120, 126-27 (Mo. App. E.D. 1998) (noting that, in a court-tried case, for an issue to be preserved, it must be brought to the trial court's attention in some way, including by post-trial motion). "An issue must be presented to the trial court to be preserved for appeal." *Brown v. Brown*, 423 S.W.3d 784, 788 n.5 (Mo. banc 2014). Under Rule 78.07, though a party may not be required to file a post-trial motion, if they have the opportunity to file such a motion but fail to, their argument will not be preserved. *See In Interest of I.K.H.*, 566 S.W.3d 629, 632 (Mo. App. S.D. 2018). Here, the State preserved its argument on appeal because the State filed its motions to reconsider after the court's Orders of Expungement were entered, but before the final Judgments, and while those "Orders" were still subject to change. The State's argument was preserved.

L.W. does not dispute he had a CDL, but instead argues there was no *evidence* before the trial court of his driver's license status. L.W. argues the State did not introduce the citations into evidence nor did it seek testimony from L.W. concerning the citations. The court took the cases on the "verified petitions" at the request of the

parties. However, the Case 1 citation was attached as an exhibit to the relevant petition with the box checked "yes" under the heading "CDL."

Section 610.140 requires the court to provide *pro se* petitioners form petitions for expungement. § 610.140.13. Another arrest expungement statute, section 610.123, similarly provides "[t]he supreme court shall promulgate rules establishing procedures for the handling of cases filed pursuant to the provisions of this section and section 610.122. Such procedures shall be similar to the procedures established in chapter 482 for the handling of small claims." § 610.123.5. Under section 482.310, the formal rules of evidence do not apply to small claims court procedures, and proceedings "shall be conducted in an informal summary manner[.]"[10] § 482.310(3). Similarly, section 610.140 need not be interpreted to require the trial court to exclude the information L.W. attached to his Case 1 verified petition in the form of exhibits because of an adherence to the formal rules of evidence.

Section 610.140.11 states: "If the court determines that the ***petitioner has not met the criteria*** for any of the offenses, violations, or infractions listed in the petition for expungement or the petitioner has knowingly provided false information in the petition, the ***court shall enter an order dismissing the petition***." § 610.140.11 (emphasis added). L.W. sought expungement of his criminal records in Case 1, which could not be expunged because the legislature deemed those records "ineligible" under section 610.140.2(10), given the nature of the "offenses, violations, and infractions" and

---

[10] Certain language in section 482.310 was recognized as superseded to the extent it was inconsistent with Supreme Court rules governing procedures in small claims court. *See **Clark v. Kinsey**,* 488 S.W.3d 750, 758-59 (Mo. App. E.D. 2016). While the Supreme Court's rules governing the Small Claims Division of the Circuit Court do not address the rules of evidence applicable to small claims proceedings, they generally support the informality of small claims proceedings. *See* Rule 140.03 ("Rules 140 through 152 should be construed to secure the just, speedy, inexpensive and informal determination of every small claims action."); Rule 144.01 ("Trials shall be conducted in an informal manner.").

given L.W.'s status as a person who had been issued a CDL. We find the trial court erred as a matter of law in expunging L.W.'s Case 1 arrest records and should have dismissed L.W.'s Case 1 petition for expungement because L.W. had been issued a CDL. Therefore, the State's first point is granted with respect to the Case 1 criminal records related to L.W.'s arrest.

<u>Cases 2 and 3</u>

Each of L.W.'s petitions for expungement in Case 2 and Case 3 contained the following statement:

> I hereby swear:
>
> 1. That the appropriate amount of time has lapsed since the arrest and/or completion of the authorized disposition imposed for each offense that I am asking to have expunged; it has been at least seven years for any felony offense ***or [sic] least three years for any misdemeanor, infraction, or ordinance violation***[.]

(emphasis added). Each petition also contained the following acknowledgment:

> I understand that if I do not meet all the criteria for any of the offenses listed for expungement or knowingly provide false information, the petition will be dismissed by the court and I may not refile another petition until a year has passed since the date of filing this petition.

Section 610.140 provides that, at a hearing on an expungement petition:

> The court ***may*** accept evidence and hear testimony on, and ***may*** consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:
>
> (1) It has been at least seven years if the offense is a felony, ***or at least three years if the offense is a misdemeanor, municipal offense, or infraction***, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;
>
> (2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection;

9

(3) The person has satisfied all obligations relating to any such disposition, including the payment of any fines or restitution;

(4) The person does not have charges pending;

(5) The petitioner's habits and conduct demonstrate that the petitioner is not a threat to the public safety of the state; and

(6) The expungement is consistent with the public welfare and the interests of justice warrant the expungement.

A pleading by the petitioner that such petitioner meets the requirements of subdivisions (5) and (6) of this subsection shall create a rebuttable presumption that the expungement is warranted *so long as the criteria contained in subdivisions (1) to (4) of this subsection are otherwise satisfied*. . . .

6. A petition to expunge records related to an arrest for an eligible offense, violation, or infraction may be made in accordance with the provisions of this section to a court of competent jurisdiction in the county where the petitioner was arrested no earlier than three years from the date of arrest; provided that, during such time, the petitioner has not been charged and the petitioner has not been found guilty of any misdemeanor or felony offense.

7. If the court determines *that such person meets all the criteria set forth in subsection 5 of this section* for each of the offenses, violations, or infractions listed in the petition for expungement, the court shall enter an order of expungement. . . .

. . . .

11. If the court determines that the *petitioner has not met the criteria* for any of the offenses, violations, or infractions listed in the petition for expungement or the petitioner has knowingly provided false information in the petition, the *court shall enter an order dismissing the petition*.

§ 610.140.5-7, 11 (emphasis added).

Whether L.W.'s petitions for expungement in Case 2 and Case 3 were filed prematurely is not an issue of fact, but is an issue of statutory interpretation, which we review *de novo*. **Newsome**, 520 S.W.3d at 780. For Case 2 and Case 3, in which L.W.

10

pled guilty and was convicted, the three-year waiting period began to run "from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition[.]" § 610.140.5(1).

Our record lacks information on the final disposition of these charges, including the date of final disposition and if and when any authorized dispositions assessed against L.W. were paid. The amended petitions for expungements for Case 2 and Case 3 were filed on February 13, 2018, less than two years after the citations were issued and less than one year after the parties claimed L.W. pled guilty. This Court must determine whether section 610.140.5 vests the trial court with discretion to apply the requirement that an expungement not be granted before "at least three years" has passed "from the date the petitioner completed any authorized disposition . . . for each offense, violation, or infraction[.]" § 610.140.5(1).

Section 610.140.5 outlines criteria the court "may consider" in its discretion, but this discretion applies to criteria that necessarily involves the court's analysis of various factors, including, for example, sections 610.140.5(5) and (6). These criteria require the court to consider if:

> (5) The petitioner's habits and conduct demonstrate that the petitioner is ***not a threat to the public safety of the state***; and
>
> (6) The expungement is ***consistent with the public welfare*** and the ***interests of justice warrant the expungement***.

§ 610.140.5(5) and (6) (emphasis added). The court must use its reasoned discretion and interpret the facts presented by the request for expungement to make a determination that petitioner does not pose a "threat to the public safety[,]" that his or her expungement is "consistent with the public welfare[,]" and that the "interests of justice warrant the expungement." § 610.140.5(5) and (6).

11

By contrast, other provisions of the statute make it clear that the three-year waiting period described in section 610.140.5(1) is a necessary and required prerequisite for expungement.  For example, section 610.140.5(6) provides that a pleading where a petitioner asserts that he or she meets the requirements of sections 610.140.5(5) and (6) creates a "rebuttable presumption" the expungement is warranted "so long as the criteria contained in subdivisions (1) to (4) of this subsection are otherwise satisfied." § 610.140.5(6).  Similarly, section 610.140.7 states:  "If the court determines that such person meets *all the criteria set forth in subsection 5* of this section for each of the offenses, violations, or infractions listed in the petition for expungement, *the court shall enter an order of expungement."* § 610.140.7 (emphasis added).  *See also* § 610.140.11.  The wording in these provisions, which prescribes what happens when a person either "meets the criteria" or fails to meet the criteria indicates the mandatory nature of the three-year waiting period, since criteria applied at a court's discretion cannot be "otherwise satisfied" or "met." *See **R.H.**,* 578 S.W.3d at 403 (noting that a candidate for expungement is "required to satisfy the six statutory criteria for expungement set forth in section 610.140.5").

The mandatory nature of the waiting period in the expungement statute complies with the statute's purpose, as stated in **R.G.**:

> The purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute.

580 S.W.3d at 41-42.  Without the mandatory three-year waiting period, petitioners might seek expungement before their record of recent conduct has demonstrated their rehabilitation.

L.W. sought expungement of his criminal records in Case 2 and Case 3 well before three years had passed from the earliest possible date for the authorized disposition of his cases.  *See* § 610.140.5(1).  We find the trial court erred as a matter of law in granting the expungement of L.W.'s records in Cases 2 and 3 and should have dismissed L.W.'s petitions for expungement for failing to meet the three-year waiting period.[11]  *See* § 610.140.11.  We find the expungements in Case 2 and Case 3 were filed prematurely before the expiration of the three-year waiting period required by section 610.140.5(1) and must be dismissed.

## Conclusion

All three judgments of expungement are reversed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

---

[11] Because we reverse the expungements in Case 2 and Case 3 on the basis of being prematurely filed, it is unnecessary to address the State's argument that L.W. was ineligible for expungement as the holder of a CDL.