

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| J.J.J., | ) | No. ED112467 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Gasconade County |
| vs. | ) | |
| | ) | Honorable Ryan J. Helfrich |
| MISSOURI STATE HIGHWAY PATROL, | ) | |
| CRIMINAL RECORDS REPOSITORY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CIRCUIT COURT OF GASCONADE | ) | |
| COUNTY, GASCONADE COUNTY | ) | |
| PROSECUTING ATTORNEY, MISSOURI | ) | |
| DIRECTOR OF REVENUE, GASCONADE | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| HERMANN POLICE DEPARTMENT, | ) | |
| and MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | FILED: January 21, 2025 |

The Missouri State Highway Patrol ("MSHP") appeals the judgment granting J.J.J.'s petition to expunge his conviction for furnishing pornographic material to minors. We agree with MSHP that this offense is ineligible for expungement because it requires registration as a sex offender. The judgment is reversed.

## Background

J.J.J. ("Petitioner") sought expungement of his criminal records under section 610.140[1] relating to his misdemeanor conviction for furnishing pornographic material to minors. Pursuant to section 589.400.1(2)[2] of Missouri's Sex Offender Registration Act ("SORA"), a person convicted of that offense must register as a sex offender, and Petitioner had been doing so since 2012. MSHP objected to Petitioner's request, arguing that the offense is ineligible for expungement under section 610.140.2(3) because it "requires registration as a sex offender." Petitioner countered that, because he had previously been granted an exemption under section 589.400.9(2)(c) and was no longer required to register for the offense, it is not one that "requires registration" as a sex offense under section 610.140.2(3) and is therefore eligible for expungement. After a hearing, the circuit court agreed with Petitioner, finding that he was no longer required to register as a sex offender under SORA or the federal Sex Offender Registration and Notification Act ("SORNA") and that he met the other criteria for expungement set forth in section 610.140. The circuit court entered its judgment expunging the records relating to Petitioner's conviction. MSHP now appeals.

## Discussion

In its sole point on appeal, MSHP contends that, irrespective of Petitioner's personal exemption, the offense of furnishing pornographic material to minors "requires registration as a sex offender" and is therefore categorically ineligible for expungement under section 610.140.2(3). Petitioner maintains that an offense is ineligible for expungement under that provision only if the offender is required to register for the offense at the time he or she petitions to have it expunged.

---

[1] All references to section 610.140 are to RSMo (Cum. Supp. 2021). Subsequent amendments to the expungement statute became effective January 1, 2025.
[2] All references to the provisions of SORA, sections 589.400-.425, are to RSMo (Cum. Supp. 2018), unless otherwise noted.

Resolution of this case turns on statutory interpretation, a question of law that we review de novo. *R. H. v. Missouri State Highway Patrol Crim. Recs. Repository*, 578 S.W.3d 398, 403 (Mo. App. E.D. 2019).

In relevant part, section 610.140 provides that a person may apply to have the records relating to one or more offenses expunged "so long as all such offenses . . . are not excluded under subsection 2 of this section." Section 610.140.1. Subsection 2 lists the categories of offenses, violations and infractions that "shall not be eligible for expungement." Section 610.140.2(1)-(11). Our courts have repeatedly found the language of section 610.140.2 to be "clear and unambiguous" and have given the "words and phrases in the statute their plain and ordinary meanings." *R. H.*, 578 S.W.3d at 403; *see also L.F.W. v. Missouri State Highway Patrol Crim. Recs. Repository*, 585 S.W.3d 846, 850 (Mo. App. S.D. 2019); *D.K.R. v. Missouri State Highway Patrol Crim. Just. Info. Servs.*, 694 S.W.3d 621, 623-24 (Mo. App. S.D. 2024).

Section 610.140.2(3) clearly and unambiguously states that "[a]ny offense that requires registration as a sex offender" is ineligible for expungement. SORA's registration requirements "shall apply to . . . [a]ny person . . . convicted of . . . furnishing pornographic material to minors." *See* section 589.400.1(2). Thus, according to the plain meaning of the words in section 610.140.2(3), that offense "requires registration as a sex offender" and is ineligible for expungement.

Petitioner argues that "offenses" themselves do not require registration under SORA; in his view, the registration requirements are personal and apply only when the offender has committed a registerable offense and is not exempt. Petitioner posits that the legislature intended section 610.140.2(3) to provide those individuals who are exempt under SORA an opportunity for expungement, claiming that when the phrase "offense that requires registration" is read in the

3

"person-based" context of SORA it can only mean an offense that currently requires the person to register. To be sure, SORA's registration requirements do not apply to offenders who have been removed or exempted from the registry. *See* section 589.400.3(3). And the legislature amended SORA in 2018 to expressly allow offenders who are on the registry for furnishing pornographic material to minors (and certain other offenses) to petition the court for such an exemption using the procedure set forth in section 589.401. Section 589.400.9(2)(c). But the exemption provided in section 589.400.9 is not automatic, and notably, the legislature did not delete "furnishing pornographic material to minors" from the list of offenses in section 589.400.1(2) to which the registration requirements apply. In other words, while a person on the registry for that offense may seek relief from SORA's registration requirements by way of an exemption, the offense still remains one that "requires registration as a sex offender." *See* section 610.140.2(3).

Giving effect to the plain and ordinary meaning of the words as they are written in section 610.140.2(3), all offenses that currently carry a sex offender registration requirement are ineligible for expungement—without regard to whether the offender is exempt from that requirement at the time he or she seeks to have the offense expunged. This conclusion does not lead to an illogical result nor does it defeat the purpose of the relief afforded by either statute. An exemption under SORA relieves the offender of just one of the consequences of committing a sex offense—the burden of having to continue registering as a sex offender. When an offense is expunged, however, it is as if it never happened; expungement has the effect of restoring the offender "to the status he or she occupied prior to [the] arrests, pleas, trials, or convictions as if such events had never taken place." Section 610.140.8. By deeming offenses that require registration as a sex offender ineligible for expungement under section 610.140.2(3), the legislature has categorically rejected the notion that such offenses should be treated as if they never occurred. There is nothing illogical

4

about providing an offender relief from SORA's registration requirements by way of an exemption, while disallowing that offender from having his or her underlying offense erased from existence by expungement.

## Conclusion

For the foregoing reasons, the judgment is reversed.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark, II, C.J., concurs.
S. Cotton Walker, Sp.J., concurs.