

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| M.F.G.B., | ) | |
| | ) | |
| Appellant, | ) | WD87548 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL, | ) | September 2, 2025 |
| | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Chariton County, Missouri
Honorable Terry Alan Tschannen, Judge**

**Before Division Three: Mark D. Pfeiffer, Presiding Judge,
Cynthia L. Martin, Judge, and Janet Sutton, Judge**

M.F.G.B.[1] appeals from the judgment of the Circuit Court of Chariton County, Missouri, (circuit court) that denied his petition for expungement pursuant to article XIV, section 2, of the Missouri Constitution. M.F.G.B. sought expungement of the criminal history records of a 2015 offense for distribution of more than five grams of marijuana. For reasons discussed below, we affirm.

---

[1] We use the party's initials to protect his identity. *R.M.S. v. Lafayette Cnty. Prosecuting Att'y*, 696 S.W.3d 401, 402 n.1 (Mo. App. W.D. 2024) (citing *R.H. v. Mo. State Highway Patrol Crim. Recs. Repository*, 578 S.W.3d 398, 400 n.1 (Mo. App. E.D. 2019)). It defeats "the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal." *Id.*

**Factual and Procedural Background**

In January 2017, M.F.G.B. pleaded guilty to the class B felony of distribution of a controlled substance in violation of section 195.211[2] for distribution of more than five grams of marijuana to an undercover informant in 2015. In May 2017, M.F.G.B. was sentenced to ten years in the Missouri Division of Adult Institutions. The circuit court suspended execution of the sentence, and placed M.F.G.B. on probation for five years under the supervision of the Missouri Department of Probation and Parole. M.F.G.B. was never incarcerated for the offense and successfully completed probation in December 2019.

In 2022, Missouri voters passed an initiative to amend the Missouri Constitution, known as Amendment Three (the Amendment). The Amendment was incorporated into the constitution as article XIV, section 2. The stated purpose of the Amendment as a whole is to "prevent arrest and penalty for personal possession and cultivation of limited amounts of marijuana by adults twenty-one years of age or older." *C.S. v. Mo. State Highway Patrol Crim. Just. Info. Serv.*, No. SC100944, 2025 WL 2053885, at *5 (Mo. banc July 22, 2025) (quoting Mo. Const. art. XIV, § 2.1). The Amendment also provided for the expungement of "applicable marijuana offenses." Mo. Const. art. XIV, § 2.

In February 2024, M.F.G.B. filed a petition for expungement of the criminal history records relating to his 2015 distribution of marijuana offense (the petition).[3]

---

[2] Section 195.211 was transferred to section 579.020, effective January 1, 2017.

All statutory references are to the Revised Statutes of Missouri (2000), as supplemented through the date of M.F.G.B.'s offense, unless otherwise noted.

[3] Section 2.10(7)(a)(c) permits a petition for expungement to be filed by any person currently incarcerated in a prison, jail or halfway house for offenses that qualify pursuant to the Amendment. Section 2.10(8)(a) requires the circuit court to order the expungement of qualifying offenses for those persons who are no longer incarcerated or under the supervision of the department of corrections but who have completed their sentence. Given our conclusion in

2

After a bench trial, the circuit court issued its judgment denying the petition. The circuit court reasoned that M.F.G.B. was not entitled to an expungement because the Amendment does not "provide protection for the unlicensed, unauthorized delivery/distribution of marijuana for consideration," meaning it is still a crime in Missouri. The circuit court specifically found that the language in the expungement provision of section 2.10(8)(a) "for all marijuana offenses," is subject to the requirement that the underlying offense is no longer a crime in Missouri due to the Amendment.

M.F.G.B. appeals.

**Standard of Review**

"As in any court-tried case, we affirm an expungement judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *R.M.S. v. Lafayette Cnty. Prosecuting Att'y*, 696 S.W.3d 401, 403 (Mo. App. W.D. 2024) (citation and internal quotation marks omitted).

Constitutional interpretation is a question of law this Court reviews *de novo*. *Schweich v. Nixon*, 408 S.W.3d 769, 773 (Mo. banc 2013). "Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning." *Faatz v. Ashcroft*, 685 S.W.3d 388, 400 (Mo. banc 2024) (citation omitted).

This Court "will affirm the circuit court's judgment if it is correct on any ground supported by the record, regardless of whether the trial court relied on that ground." *Curtis v.*

today's ruling that M.F.G.B.'s underlying conviction does not constitute a "qualifying marijuana offense," we need not and do not address the procedural manner in which M.F.G.B. asserted his claim for expungement.

Sections 2.10(7)(a) and 2.10(8)(a) of article XIV will be referred to as section 2.10(7)(a) and section 2.10(8)(a), respectively.

*Mo. Democratic Party*, 548 S.W.3d 909, 918 (Mo. banc 2018) (citation and internal quotation marks omitted).

### Legal Analysis

M.F.G.B. raises two points on appeal. First, that the circuit court erred in denying his petition because it misinterpreted the scope of expungable offenses in section 2.10(8)(a) in that the plain language mandates expungement of prior felony marijuana offenses even if they are still crimes. Second, that the circuit court erred in denying his petition because it erroneously applied section 2.10(8)(a) in that M.F.G.B.'s 2015 offense satisfied all expungement requirements as a felony marijuana offense and did not fall under any of the three limited exclusions. Both points presume that M.F.G.B.'s conviction qualifies as a "marijuana offense." We do not address either point as we find that M.F.G.B.'s conviction does not constitute a "marijuana offense" subject to expungement and affirm the trial court's judgment on that basis.[4]

Section 2.10(8)(a), the subsection under which M.F.G.B. seeks expungement, provides:

> Within six months of the effective date of this section, the circuit courts of this state shall order the expungement of the criminal history records of all misdemeanor marijuana offenses for any person who is no longer incarcerated or under the supervision of the department of corrections. Within twelve months of the effective date of this section, the circuit courts of this state shall order the expungement of criminal history records for all persons no longer incarcerated or under the supervision of the department of corrections but who have completed their sentence for any felony marijuana offenses and any marijuana offenses that would no longer be a crime after the effective dates of sections 1 and 2 of this Article, excluding distribution or delivery to a minor, any such offenses involving

---

[4] MSHP initially argues that we lack authority to hear M.F.G.B.'s appeal because the decision below was not a final, appealable judgment. Under section 512.020(5), a final judgment for purposes of appeal must: (1) be a judgment that "resolves at least one claim in a lawsuit and establishes the rights and liabilities of the parties with respect to that claim" and (2) the judgment must be final because it "either disposes of all claims (or the last claim) in a lawsuit or has been certified for immediate appeal pursuant to Rule 74.01(b)." *Energy Mkt. 709, LLC v. City of Chesterfield*, 614 S.W.3d 643, 648 (Mo. App. E.D. 2020). The judgment below addressed all claims by all parties and is therefore a final judgment.

4

violence, or any offense of operating a motor vehicle while under the influence of marijuana. For all class A, class B and class C, or successor designations, felony marijuana offenses, and for all class D, or successor designation, felony marijuana offenses for possession of more than three pounds of marijuana, the circuit courts of this state shall order expungement of criminal history records upon the completion of the person's incarceration, including any supervised probation or parole. For the purposes of this subdivision, "criminal history record" means all information documenting an individual's contact with the criminal justice system, including data regarding identification, arrest or citation, arraignment, judicial disposition, custody, and supervision.

Recently, the Missouri Supreme Court considered whether the unlawful use of a weapon while knowingly possessing marijuana constitutes a "marijuana offense" that is eligible for expungement pursuant to article XIV, section 2.10(7)(a)c. *See C.S.*, 2025 WL 2053885, at *1. In 2020, C.S. pleaded guilty to one count of the class D felony of possession of a controlled substance for possessing more than 35 grams of marijuana in violation of section 579.015, and one count of the class E felony of unlawful use of a weapon for possessing a firearm while knowingly in possession of a controlled substance in violation of section 571.030.1(11).[5] *Id.* C.S. has been incarcerated since 2021. *Id.* In August 2023, after the passage of the Amendment, C.S. filed an amended petition in the circuit court requesting that the court expunge both convictions. *Id.* The circuit court expunged C.S.'s conviction for possession of a controlled substance, but denied the expungement request for his second conviction reasoning that the unlawful use of a weapon is a "weapons offense," not a "marijuana offense," and, thus, not eligible for expungement under article XIV, section 2.10(7)(a)c. *Id.*

The Missouri Supreme Court concluded that the conviction for possessing a firearm while knowingly in possession of a controlled substance is a firearms offense—not a "marijuana offense"—and, therefore, not expungable pursuant to article XIV, section 2.10(7)(a)c. *Id.* at *5.

---

[5] Revised Statutes of Missouri (2016), as supplemented.

In reaching its conclusion, the Missouri Supreme Court noted that the Missouri Constitution does not define "marijuana offense." *Id.* at *2. After "considering the offenses listed in article XIV, [section] 2.10[,] with the express purpose of article XIV, [section] 2," the Missouri Supreme Court ultimately defined a "marijuana offense" as: "only offenses that involve [p]urchasing, possessing, consuming, using, ingesting, inhaling, processing, transporting, delivering without consideration, or distributing without consideration three ounces or less of dried, unprocessed marijuana, or its equivalent[.]" *Id.* at *5 (quoting Mo. Const. art. XIV, § 2.10).

Here, M.F.G.B. pleaded guilty to the class B felony of distribution of a controlled substance for distributing more than five grams of marijuana to an undercover informant. Applying the Missouri Supreme Court's "marijuana offense" definition for expungement purposes, it is evident that M.F.G.B.'s offense is not included within that definition because he distributed more than five grams of marijuana for consideration. He is, therefore, ineligible for expungement. Because M.F.G.B.'s offense does not fall within the definition of a "marijuana offense" as declared by the Missouri Supreme Court in *C.S.*, the circuit court's denial of M.F.G.B.'s petition for expungement is affirmed.

Points I and II are denied.

### Conclusion

For the reasons stated above, we affirm the circuit court's judgment.

_____
Janet Sutton, Judge

Mark D. Pfeiffer, P.J., and Cynthia L. Martin, J. concur.

6