Michael A. LUMETTA, Respondent,

v.

**SHERIFF OF ST. CHARLES COUNTY, Appellant.**

No. ED 99678.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 19, 2013.

Robert E. Hoeynck, St. Charles, MO, for appellant.

Jeremy D. Hollingshead, Jefferson City, MO, for respondent.

ANGELA QUIGLESS, Judge.

## I. INTRODUCTION

The Sheriff of St. Charles County (the Sheriff) appeals the judgment of the Circuit Court of St. Charles County ordering him to issue Michael A. Lumetta (Lumet-

ta) a certificate of qualification for a concealed carry endorsement pursuant to section 571.101.[1] The Sheriff argues the circuit court erred because section 571.101.2(2) disqualifies Lumetta from obtaining a certificate of qualification for a concealed carry endorsement given his guilty plea to a firearm-related misdemeanor. We reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. In 1986, Lumetta pleaded guilty in the Circuit Court of St. Charles County to a misdemeanor offense of possessing a firearm while intoxicated. In June 2012, Lumetta applied to the Sheriff for a concealed carry endorsement pursuant to section 571.101. The Sheriff denied Lumetta's application based solely on his 1986 guilty plea. Lumetta submitted additional documentation to the Sheriff and requested reconsideration of his decision. The Sheriff again denied the application based on the 1986 guilty plea.

Lumetta filed an appeal of the Sheriff's denial in the Associate Division of the Circuit Court of St. Charles County pursuant to section 571.114. The court entered judgment for Lumetta, stating: "Ambiguity in statute resolved in favor of [Lumetta]. Sheriff ordered to issue a concealed carry permit."

The Sheriff applied for a trial de novo, and the case was certified to the Circuit Court of St. Charles County. The circuit court conducted a bench trial on stipulated facts. The circuit court concluded that "it seems that the statute's pretty vague" and entered judgment in favor of Lumetta based on its interpretation of section 571.101. The circuit court ordered the Sheriff to issue Lumetta a certificate of

1. All references in this opinion to section 571.101 are to RSMo (Supp.2011), which the parties agree provides the version of the statute applicable to this case.

qualification for a concealed carry endorsement. The Sheriff appeals.

## III. STANDARD OF REVIEW

█ "When a case is submitted on stipulated facts, the question this Court must resolve is whether the circuit court drew the proper legal conclusions from the facts stipulated." *State ex rel. Valentine v. Orr,* 366 S.W.3d 534, 538 (Mo. banc 2012). If the circuit court based the decision on its interpretation and application of a statute to the stipulated facts, then we review the decision de novo. *Id.* "The interpretation of a statute is a pure question of law, and therefore we give the circuit court's interpretation no deference." *State v. Rodgers,* 396 S.W.3d 398, 400 (Mo. App. W.D.2013) (quotation omitted).

## IV. DISCUSSION

In his sole point on appeal, the Sheriff argues the circuit court erred in entering judgment against him and ordering him to issue a certificate of qualification for a concealed carry endorsement on the basis that section 571.101.2(2) is vague. More specifically, the Sheriff asserts that section 571.101.2(2) disqualifies an applicant like Lumetta who pleaded guilty to a firearm-related misdemeanor from obtaining such a certificate. We agree.

█ "The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *Bateman v. Rinehart,* 391 S.W.3d 441, 446 (Mo. banc 2013). This court must presume that every word, sentence, or clause in a statute has effect and that the legislature did not insert superfluous language. *Id.* "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Id.* (quotation omitted). "A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." *Id.* (quotation omitted).

█ Section 571.101.2(2) provides that a sheriff shall issue a certificate of qualification for a concealed carry endorsement if an applicant:

> Has not pled guilty to or entered a plea of nolo contendere or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of one year or less that does not involve an explosive weapon, firearm, firearm silencer or gas gun. . . .

Mo.Rev.Stat. § 571.101.2(2). Although we agree with the parties that the statute is not a model of clarity, it demonstrates that the legislature intended to protect the public safety and prevent crime by prohibiting people convicted of certain crimes from carrying concealed weapons.

The legislature accomplished its intent in section 571.101.2(2) by clearly disqualifying people convicted of two kinds of offenses from obtaining a certificate of qualification for a concealed carry endorsement. First, the statute disqualifies a person who has been convicted of a crime punishable by more than one year of imprisonment under the laws of any state or of the United States. *Id.* Because of how Missouri classifies felonies and misdemeanors, this portion of section 571.101.2(2) disqualifies those convicted of a felony in Missouri from obtaining a concealed carry endorsement.[2] Second, the statute disqualifies a

---

**2.** "A crime is a 'felony' if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year." Mo.Rev.Stat.

person who has been convicted of a crime classified as a misdemeanor under the laws of any state and punishable by imprisonment of one year or less that involves an explosive weapon, firearm, firearm silencer, or gas gun. *Id.* We conclude that section 571.101.2(2) is clear and unambiguous, and we therefore decline to address Lumetta's argument that we must interpret it by considering the prior version and other provisions in section 571.101.2.

Here, Lumetta pleaded guilty to and was convicted of the misdemeanor offense of possessing a firearm while intoxicated. The parties do not dispute that the offense was classified as a misdemeanor, was punishable by imprisonment of one year or less, and involved a firearm. Accordingly, section 571.101.2(2) disqualifies Lumetta from obtaining a certificate of qualification for a concealed carry endorsement. The circuit court erred in ordering the Sheriff to issue Lumetta a certificate of qualification. Point one is granted.

## IV.  CONCLUSION

We reverse and remand to the circuit court with instructions to vacate the order requiring the Sheriff to issue Lumetta a certificate of qualification for a concealed carry endorsement.

MARY K. HOFF, P.J., and KURT S. ODENWALD, J., Concur.

§ 556.016.2 (2000). "A crime is a 'misdemeanor' if it is so designated or if persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is one year or less." Mo.Rev.Stat. § 556.016.3 (2000).