Colleen Dolan, P.J.
W.C.H.("Petitioner") filed an amended petition under § 610.140[1] on April 12, 2017, seeking to expunge his conviction for the felony offense of passing a bad check under § 570.120.[2] The trial court found Petitioner was entitled to expungement under § 610.140. Regarding the felony offense of passing a bad check, Petitioner was convicted on April 1, 1986. Petitioner received a suspended execution of sentence and five years' probation for the felony offense, which he completed in April of 1991. Approximately six months after that conviction, on October 15, 1986, Petitioner was convicted of the misdemeanor offense of driving while intoxicated. Thus, Petitioner's conviction of driving while intoxicated occurred after his felony conviction for passing a bad check but before his probationary period was completed. By its plain language, we find that § 610.140.5(2) only prohibits expungement of a felony when a person has been found guilty of a misdemeanor or felony after a petitioner completed his sentence of imprisonment or any period of probation or parole. Thus, Petitioner's misdemeanor driving while intoxicated conviction, which preceded his completion of his probationary period, did not *614 bar him from seeking expungement of his felony conviction for passing a bad check.
Per § 610.140.5(1), the court may not grant an expungement request until twenty years has passed since Petitioner completed his probation for the felony offense. Consequently, Petitioner was prevented from seeking expungement until 2011. Petitioner filed an amended petition seeking expungement of his conviction for passing a bad check on April 12, 2017. The trial court entered a judgment in favor of Petitioner. Missouri State Highway Patrol Criminal Records Repository and the Office of the St. Louis County Prosecuting Attorney ("Appellants") have appealed this judgment, contending that Petitioner has failed to satisfy the requirements of § 610.140.5. Finding Petitioner has complied with all the requirements of § 610.140.5, we affirm the judgment of the trial court.
Standard of Review
As this is a court-tried case, our review is governed by Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. Id. "The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements de novo. " Doe v. St. Louis County Police Dep't , 505 S.W.3d 450, 453 (Mo. App. E.D. 2016).
Discussion
The facts in this case are undisputed. The sole issue presented is a matter of statutory interpretation. The primary rule of statutory interpretation is to effectuate the General Assembly's intent. Bateman v. Rinehart , 391 S.W.3d 441, 446 (Mo. banc 2013). "If the words are clear, the [c]ourt must apply the plain meaning of the law" and refrain from using canons of statutory construction. State v. Bazell , 497 S.W.3d 263, 266 (Mo. banc 2016), as modified, (Sept. 20, 2016).
Appellants argue that the trial court erred in granting Petitioner's request for expungement because, in less than a year after his conviction for passing a bad check, he was convicted for driving while intoxicated, thereby barring him from having his conviction for passing a bad check expunged under § 610.140.5. We disagree with Appellants' reading of the statute. Section 610.140.6 allows for the trial court to grant expungement if, after holding a hearing, the court determines that the petitioner "meets all the criteria set forth in subsection 5 of this section." Appellants do not argue that Petitioner has failed to meet the requirements listed in subsections (3), (4), or (5). Thus, only the requirements noted in subsections (1) and (2) are in dispute.
The relevant portion of § 610.140.5 reads:
The court may set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give reasonable notice of the hearing to each entity named in the petition. At the hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:
(1) It has been at least twenty years if the offense is a felony, or at least ten years if the offense is a misdemeanor, municipal offense, or infraction, since the person making the application completed :
(a) Any sentence of imprisonment; or
(b) Any period of probation or parole ;
*615 (2) The person has not been found guilty of a misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense in subdivision (1) of this subsection ;
Section 610.140.5. (emphasis added).
In the court's findings, it implicitly explains how it applied § 610.140.5 by stating, "More than twenty (20) years has passed since [Petitioner] has completed his probationary period for the felony of passing bad checks under cause number 21CCR-526547," and "[Petitioner] has not been found guilty of a misdemeanor or felony during [that time period]." (emphasis added). We believe the court properly interpreted and applied the statutory provisions in question. Looking only at the relevant language in the statute for addressing this issue, a petitioner meets the criteria in subsection § 610.140.5(1) & (2) if "it has been at least twenty years ... since the person making the application [for expungement] completed any period of probation or parole [and] [t]he person has not been found guilty of a misdemeanor or felony ... during [that twenty year] time period." See § 610.140.5. There is no reference to a petitioner's date of conviction in the provision. We find that the plain language of the statute is unambiguous. When the plain and ordinary language of a statute is clear, "there is no need to resort to tools of interpretation." Bazell , 497 S.W.3d at 266. By the statute's plain language, "the time period specified" in § 610.140.5(1) begins on the date that the "person making the application [has] completed" any sentence of imprisonment or any period of probation or parole, not the date of the petitioner's conviction for the offense he or she is seeking to expunge.
Thus, the "the time period specified for the underlying offense in subdivision (1) of [§ 610.140.5]," as applied to Petitioner's case, would begin in April of 1991, when Petitioner completed his probationary period for passing a bad check. § 610.140.5(2). Because Petitioner's conviction for driving while intoxicated occurred on October 15, 1986-outside of "the time period specified" in § 610.140.5(1)-Petitioner met the criterion articulated in § 610.140.5(2), as he had not been found guilty of a misdemeanor or felony during that specified time period.
Conclusion
Accordingly, we affirm the judgment of the trial court.
Mary K. Hoff, J., concurs.
Lisa S. Van Amburg, J., concurs.

All statutory references to § 610.140 are to RSMo 2012.

All statutory references to § 570.120 are to RSMo 1977.