MODIFIED
June 25, 2019



# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **R.G.,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD82176** |
| | ) | |
| **v.** | ) | **OPINION FILED: May 28, 2019** |
| | ) | |
| **MISSOURI STATE HIGHWAY** | ) | |
| **PATROL,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Patricia S. Joyce, Judge

Before Division One: Victor C. Howard, Presiding Judge, Lisa White Hardwick, Judge
and Gary D. Witt, Judge

The Missouri State Highway Patrol ("MSHP") appeals from the circuit court's

judgment granting R.G.'s[1] petition for expungement for his 2010 conviction for peace

---

[1] We refer to this party by initials to protect the identity of the party. It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal. To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal.

disturbance. The MSHP argues that the circuit court erred in granting R.G.'s petition for expungement for his 2010 conviction because he did not meet the necessary requirements under section 610.140.5(1)-(2)[2]. We affirm.

**Statement of Facts**

On May 10, 2018, R.G. filed a petition in the Circuit Court of Cole County seeking the expungement of two convictions in 2010 and 2012, both for the crime of peace disturbance. On June 6, 2018, the MSHP filed an Answer and Motion to Dismiss.

A hearing was held on July 16, 2018. At the hearing, R.G. testified that on October 15, 2010 he pled guilty to the crime of peace disturbance, and was sentenced to pay a $500.00 fine, which he paid that day. R.G. also testified that he pled guilty to the crime of peace disturbance on October 22, 2012.

The circuit court entered its judgment granting R.G.'s petition on August 30, 2018. The circuit court found that R.G. plead guilty to an amended charge of peace disturbance on October 15, 2010 and the court imposed a fine of $500.00 which was paid that day. The circuit court found that R.G. plead guilty to an amended charge of peace disturbance on October 22, 2012. The court suspended the imposition of R.G.'s sentence and placed him on two years of probation which he successfully completed. The certified records of each case were admitted into evidence without objection.

The circuit court found that following the sentencing on October 22, 2012, R.G. has had no other findings of guilt on any misdemeanor or felony charges and had no criminal

_____

[2] All statutory references are to RSMo 2016, as currently updated.

2

charges pending at the time of the hearing in this case. The circuit court found that it had been more than three years since R.G. had completed his sentence for the 2010 conviction and his probation for his 2012 conviction. The circuit court found that the expungement of R.G.'s arrest and conviction in both cases is consistent with the public welfare and is warranted by the interests of justice.

This timely appeal followed. The MSHP is solely appealing the expungement of the 2010 conviction.

## Standard of Review

As this is a court-tried case, our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Accordingly, we will affirm the trail court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *W.C.H. v. State*, 546 S.W.3d 612, 614 (Mo. App. E.D. 2018). "The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements *de novo*." *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 453 (Mo. App. E.D. 2016).

## Analysis

The MSHP raises one point on appeal. In its sole point MSHP argues that the circuit court erred in expunging R.G.'s 2010 conviction because section 610.140.5 provides that a necessary requirement for expungement of a misdemeanor is that R.G. has not been found guilty of any other disqualifying misdemeanor or felony for at least three years from the date he completed any authorized disposition and R.G. pled guilty to a subsequent

3

misdemeanor less than three years after completing the disposition of his 2010 conviction. The MSHP argues that the time frame the circuit court should consider is the three years following the completion of the sentence for each conviction, rather than focus on the three years immediately prior to the filing of the petition for expungement.

The facts in this case are undisputed. The sole issue before this Court is a matter of statutory interpretation. "The primary rule of statutory interpretation is to effectuate the General Assembly's intent." *W.C.H.,* 546 S.W.3d at 614 (citing *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)). "If the words are clear, the [c]ourt must apply the plain meaning of the law" and refrain from using canons of statutory construction. *State v. Bazell*, 497 S.W.3d 263, 266 (Mo. banc 2016) (superseded by statute). "If the statute is ambiguous, we attempt to construe it in a manner consistent with the legislative intent, giving meaning to the words used within the broad context of the legislature's purpose in enacting the law." *Connor v. Monkem*, 898 S.W.2d 89, 90 (Mo. banc 1995) (quoting *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993).

The relevant portion of section 610.140.5 reads:

> If the prosecuting attorney, circuit attorney, or municipal prosecuting attorney objects to the petition for expungement, he or she shall do so in writing within thirty days after receipt of service. Unless otherwise agreed upon by the parties, the court shall hold a hearing within sixty days after any written objection is filed, giving reasonable notice of the hearing to the petitioner. If no objection has been filed within thirty days after receipt of service, the court may set a hearing on the matter and shall give reasonable notice of the hearing to each entity named in the petition. At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:

4

(1) It has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;

(2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection.

Section 610.140.5.

In the circuit court's findings, it implicitly explains how it applied section 610.140.5 by finding that it had been more than three years since R.G. had completed his sentence and/or probation in each of the underlying convictions, and since completing his sentence for the latter offense, his 2012 conviction, R.G. had no other findings of guilt on any misdemeanor or felony charge for more than three years. The circuit court properly interpreted and applied the statutory provisions in questions. Looking only at the relevant language in the statute, a petitioner meets the criteria in subsections 610.140.5(1) & (2) if "It has been at least…three years if the offense is a misdemeanor… from the date the petitioner completed any authorized disposition imposed under section 557.011 [and] [t]he person has not been found guilty of any other misdemeanor or felony…during the [three year] time period[.]" Section 610.140.5. While it is not clear from the language in the statute when the time period was to begin, the only interpretation that would be consistent with the legislative intent would be for the time period to begin at the time the petition was

5

filed and extend backwards for three years for the expungement of this misdemeanor offense.[3]

The purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute. If the petitioner can establish that their "habits and conduct demonstrate that the petitioner is not a threat to the public safety of the state", and that "[t]he expungement is consistent with the public welfare and the interests of justice warrant the expungement." Section 610.140.5(5)-(6). Further, Section 610.140.1 specifically allows expungement of multiple offenses charged in the same indictment or information. There would be no rational explanation for the legislature to determine that expungement is appropriate in one case where a petitioner had multiple offenses charged in the same indictment and more than three years later had additional misdemeanor offenses but seek to deny expungement to an identical petitioner solely because it was less than three years between the first set of charges and the latter charge. The legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would

---

[3] We acknowledge the holding in *W.C.H. v. State*, 546 S.W.3d 612 (Mo. App. E.D. 2018) which was construing the 2012 version of section 610.140. In *W.C.H.*, Petitioner was convicted of misdemeanor driving while intoxicated less than a year after a felony conviction of passing a bad check, and Petitioner sought to have his conviction of passing a bad check expunged. *Id.* at 613. The State argued that the trial court erred in granting Petitioner's request for expungement because he was convicted of driving while intoxicated while he was still on probation for his conviction of passing a bad check. *Id.* at 614. The court in *W.H.C.* held that the time period specified in section 610.140.5 was to begin not from the time of conviction but the time in which Petitioner finished his sentence or probation. *Id.* at 615. *W.H.C.* was decided in March of 2018. Immediately following that opinion, the Legislature amended 610.140.5(1) (effective August 28, 2018) to clarify that the relevant time frame begins "At the time the petition is filed,...". L. 2018, S.B. No. 793. Further supporting our conclusion that the legislative intent is to look backward from the point in time the petition was filed in determining if the petitioner meets the criteria for expungement. The S.B.793 amendments to section 610.140.5(1) were effective at the time the trial court entered its judgment on August 30, 2018.

6

determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserve the second chance provided by the statute.

Thus, "the time period specified for the underlying offense in subdivision (1) of [section 610.140.5]," as applied to R.G.'s case, would be between May 5, 2018, the day R.G.'s filed his petition for expungement, and May 5, 2015, three years prior to the filing of his petition for expungement. There was no other finding of guilt on any misdemeanor or felony charge during that relevant time period.

The trial court did not err in granting R.G.'s petition for expungement. Point One is denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Gary D. Witt, Judge

All concur

7