

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| S.Y., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | WD82451 |
| | ) | |
| | ) | Opinion filed:  August 27, 2019 |
| KENTON ASKREN, ET AL, | ) | |
| | ) | |
| Respondents. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF COOPER COUNTY, MISSOURI**
**THE HONORABLE ROBERT L. KOFFMAN, JUDGE**

Before Division One:  Cynthia L. Martin, Presiding Judge,
Victor C. Howard, Judge and Alok Ahuja, Judge

S.Y. appeals from the circuit court's judgment denying his petition to expunge his 2003 conviction for unlawful use of drug paraphernalia.  He argues that the circuit court erred in its application of section 610.140.5.[1]  The judgment is reversed, and the case is remanded with directions.

## Background

On January 23, 2018, S.Y. filed a petition in the Circuit Court of Cooper County seeking expungement of a conviction in Cooper County for unlawful use of drug paraphernalia, section

---

[1] All statutory references are to RSMo 2016, as currently updated, unless otherwise indicated.

195.233, RSMo 2000, a class A misdemeanor. On March 4, 2003, S.Y. pled guilty to the offense, and a $50 fine was imposed, which he paid that day.

The Missouri State Highway Patrol (MSHP) filed an answer and a motion to dismiss. In its motion, the MSHP alleged that S.Y. was found guilty of class A misdemeanor possession of drug paraphernalia, section 195.233, RSMo 2000, on May 23, 2003, in the Associate Division of the Johnson County Circuit Court. In that case, S.Y. pled guilty to the offense and received a suspended imposition of sentence with two years' probation, which he successfully completed in 2005. The MSHP argued that S.Y. failed to satisfy the criteria in section 610.140.5(2) for expungement of the Cooper County conviction because he had been found guilty of another misdemeanor during the three-year period after completion of the authorized disposition imposed for the conviction he sought to expunge. The trial court agreed and entered its judgment on November 30, 2018, granting the MSHP's motion to dismiss and denying the petition. This appeal by S.Y. followed.

## Standard of Review

In this court-tried case, the judgment of the circuit court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *W.C.H. v. State*, 546 S.W.3d 612, 614 (Mo. App. E.D. 2018)(citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). The trial court's application of statutory requirements is a question of law rather than fact and is reviewed *de novo*. *Id.*

## Analysis

In his sole point on appeal, S.Y. contends that the circuit court erred in its interpretation and application of the criteria in section 610.140.5, specifically the applicable time period in subsections (1) and (2). Those sections provide, in relevant part:

At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:

(1) It has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;

(2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.]

§ 610.140.5(1) & (2).[2]

S.Y. argues that he met the requirement for expungement of a misdemeanor in subdivision (2) in that he has not been found guilty of any other misdemeanor or felony for at least the three years immediately prior to the filing of the petition for expungement. The MSHP argues, and the circuit court found, that the applicable time frame for subdivision (2) is the three years following the completion of the disposition imposed for the conviction the petition sought to expunge, thus, because S.Y. was found guilty of another misdemeanor in May 2003, expungement of his March 2003 Cooper County misdemeanor was not appropriate.

This court recently interpreted section 610.140.5(1) and (2) in *R.G. v. Missouri State Highway Patrol*, No. WD82176 (Mo. App. W.D. modified June 25, 2019). In *R.G.*, this court explained, "The purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute." *Id.* slip op. at 6. It found

---

[2] Section 610.140.5 was amended and became effective August 28, 2018, after the petition was filed but before the judgment was entered in this case. Specifically, subsection (1) now provides:
> (1) At the time the petition is filed, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition[.]"

3

that the only interpretation of subdivisions (1) and (2) consistent with that legislative intent would be for the time period to begin at the time the petition was filed and extend backwards for three years for the expungement of a misdemeanor offense.[3]  *Id.* slip op. at 5-6.  "The legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserve[s] the second chance provided by the statute."  *Id.* slip op. at 6-7.

Thus in this case, "the time period specified for the underlying offense in subdivision (1) of [section 610.140.5]" would be between January 23, 2018, the day S.Y. filed his petition for expungement, and January 23, 2015, three years prior to the filing of the petition.  The record shows no other finding of guilt on any misdemeanor or felony during that relevant time period.  The circuit court erred in dismissing S.Y.'s petition for expungement.  The judgment is reversed, and the case is remanded with directions to the circuit court to enter judgment granting S.Y.'s petition for expungement of his 2003 conviction for unlawful use of drug paraphernalia in Cooper County.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

[3] As in the instant case, the petition in *RG* was filed before, and the judgment was entered after, the effective date of the amendment to section 610.140.5.  This court noted in *RG* that the addition of the phrase "At the time the petition is filed," at the beginning of subdivision (1) further supported its conclusion that the legislative intent is to look backward from the point in time the petition is filed in determining if the petitioner meets the criteria for expungement.  *Id.* slip op. at 6 n. 3.