# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE


| | | |
|---|---|---|
| S.E.M., | ) | No. ED107403 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | 18SL-CC02526 |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | Honorable Ellen W. Dunne |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL | ) | |
| CRIMINAL RECORDS REPOSITORY, | ) | |
| | ) | |
| Appellant. | ) | Filed:  November 26, 2019 |

## OPINION

Missouri State Highway Patrol Criminal Records Repository ("MSHP") appeals the

judgment granting S.E.M.'s[1] petition requesting expungement of two prior felony drug

convictions under section 610.140 RSMo Supp. 2018 (effective August 28, 2018 through August

27, 2019) ("the August 2018 version of section 610.140" or "the August 2018 version of the

statute").[2]  We affirm.

---

[1] Initials should be used to protect the identity of the party.  "To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." *R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38, 39 n.1 (Mo. App. W.D. 2019).

[2] In the underlying case, S.E.M. filed a petition requesting expungement against several underlying defendants including St. Louis County, Missouri and MSHP.  MSHP is the only underlying defendant who has filed an appeal in this case.

## I.     BACKGROUND

On November 21, 1987, S.E.M was charged with two unclassified felony drug counts in violation of section 195.020 RSMo 1986.  S.E.M pleaded guilty and satisfied all obligations related to the disposition of the convictions in February 1993.

Then, on April 12, 1993, S.E.M. pleaded guilty to a class A misdemeanor stealing charge under chapter 570 RSMo Cum. Supp. 1993.  S.E.M. completed all obligations of the conviction. S.E.M. has not pleaded guilty or been convicted of a misdemeanor or felony since 1993.

On June 22, 2018, S.E.M filed a petition in the Circuit Court of St. Louis County requesting expungement of the two felony drug convictions under section 610.140 RSMo Supp. 2018 (effective January 1, 2018 through August 27, 2018) ("the January 2018 version of section 610.140" or "the January 2018 version of the statute").  MSHP filed an answer asserting S.E.M. is ineligible for expungement due to the April 1993 stealing conviction.  Subsequently, section 610.140 RSMo was amended, and these amendments are reflected in the August 2018 version of section 610.140.[3]

On September 21, 2018, the trial court entered a judgment granting S.E.M.'s petition requesting expungement of the two prior felony drug convictions under the August 2018 version of section 610.140.  The trial court's judgment expressly found that the August 2018 version of the statute operates and applies retrospectively.  MSHP appeals.

## II.     DISCUSSION

MSHP raises one point on appeal.  MSHP does not assert the trial court erred in finding the August 2018 version of section 610.140 operates and applies retrospectively; instead, MSHP only asserts the trial court erred in granting S.E.M.'s petition requesting expungement under the timing requirements of the August 2018 version of section 610.140.5.  Nevertheless, before we

---

[3] The relevant portions of the August 2018 version of section 610.140 are set out below in Section II.B.2. of this opinion.

2

address the merits of MSHP's particular argument on appeal, we find it is important to establish which version of section 610.140 RSMo applies in this case, because whether section 610.140 RSMo operates and applies retrospectively appears to be an issue of first impression in Missouri.

## A.    The Version of Section 610.140 RSMo that Applies in this Case

Generally, the version of a statute in effect at the time a petition is filed is the version applicable to a particular case. *See Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 872 (Mo. banc 1993). Changes in statutory provisions that are substantive operate prospectively unless the legislature expressly states otherwise. *Id*. However, there is an exception in Missouri. *Id*. Statutory provisions that are remedial or procedural operate retrospectively unless the legislature expressly states otherwise. *Id*.

In this case, although the January 2018 version of section 610.140 was the version of the statute in effect at the time S.E.M.'s petition requesting expungement was filed, the trial court found the August 2018 version of the statute applies in this case because section 610.140 RSMo operates and applies retrospectively. This finding is correct under the circumstances of this case. Expungement statutes, including section 610.140 RSMo, are recognized as remedial and should be liberally construed. *Martinez v. State*, 24 S.W.3d 10, 19 (Mo. App. E.D. 2000); *see generally* section 610.140 RSMo. Because section 610.140 RSMo is remedial and the legislature has not expressly stated that the statute operates prospectively, section 610.140 RSMo operates retrospectively. *See id*.; *Callahan*, 863 S.W.2d at 872. Moreover, the effective date of the August 2018 version of section 610.140 was August 28, 2018, and because the judgment was entered on September 21, 2018, the August 2018 version of the statute applies retroactively here.[4] *See State ex rel. D&D Distributors, LLC v. Missouri Commission on Human Rights*, 579

---

[4] Section 610.140 was amended effective August 28, 2019, and this is the version of the statute currently in place; however, these amendments do not apply here and have no effect on this case.

S.W.3d 318, 325 (Mo. App. W.D. 2019) (generally, changes to remedial or procedural statutes apply to all pending cases unless it would invalidate actions taken in a previous proceeding).

We now turn to the merits of MSHP's argument on appeal.

**B.      MSHP's Argument on Appeal**

In MSHP's sole point on appeal, it argues the trial court erred in granting S.E.M.'s petition requesting expungement of the two prior felony drug convictions under the timing requirements in subsection (1) and (2) of the August 2018 version of section 610.140.5.[5]  For the reasons discussed below, we disagree.

**1.      Standard of Review**

A judgment from a court-tried case will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.  *W.C.H. v. State*, 546 S.W.3d 612, 614 (Mo. App. E.D. 2018).  The trial court's application of statutory requirements is a question of law, rather than fact, and is reviewed de novo.  *Id.*

**2.      Analysis**

The facts in this case are undisputed.  The sole issue presented is a matter of statutory interpretation which is a question of law that is subject to de novo review.  *Roesing v. Director of Revenue*, 573 S.W.3d 634, 637 (Mo. banc 2019); *Lumetta v. Sheriff of St. Charles County*, 413 S.W.3d 718, 720 (Mo. App. E.D. 2013); *see also W.C.H.*, 546 S.W.3d at 614.  Our primary rule in interpreting statutes is to determine the intent of the legislature from the language used, to give effect to the intent, and to consider the words in their plain and ordinary meaning.  *Dynasty Home, L.C. v. Public Water Supply District Number 3 of Franklin County*, 453 S.W.3d 876, 879 (Mo. App. E.D. 2015); *see R.H. v. Missouri State Highway Patrol Criminal Records Repository*,

---

[5] MSHP does not dispute that S.E.M. met all other requirements for expungement under the August 2018 version of section 610.140.

4

578 S.W.3d 398, 403 (Mo. App. E.D 2019) ("we must give words and phrases in the statute their plain and ordinary meaning[]"); *see also Roesing*, 573 S.W.3d at 639; *Lumetta*, 413 S.W.3d at 720. "When the words [of a statute] are clear, there is nothing to construe beyond applying the plain meaning of the law." *Lumetta*, 413 S.W.3d at 720 (quoting *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)).

Here, the words of the relevant portions of the August 2018 version of section 610.140.5 are clear:

> . . . At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:
> (1) *At the time the petition is filed*, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition; [and]
> (2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.] . . .

(emphasis added).

In this case, MSHP asserts the trial court erred in granting S.E.M.'s petition requesting expungement of the felony drug convictions under the preceding timing requirements because S.E.M. had been found guilty of another crime (misdemeanor stealing in April 1993) during the seven-year period following completion of the authorized disposition imposed. MSHP argues the applicable time frame of seven years must have elapsed without future convictions – measured from the date of completion of disposition of the felony drug convictions. So because S.E.M. was found guilty of a misdemeanor in April 1993, during the seven-year period after February 1993 (when S.E.M completed the disposition imposed for the felony drug crimes), MSHP asserts expungement of S.E.M.'s 1987 felony drug crimes is forever barred.

5

In support of the above argument, MSHP primarily relies on this Court's decision in *W.C.H.*, which held "'the time period specified' in section 610.140.5 (1) [RSMo. Cum. Supp. 2012][6] begins on the date that the 'person making the application has completed' any sentence of imprisonment or any period of probation or parole, not the date of the petitioner's conviction for the offense he or she is seeking to expunge." 546 S.W.3d at 615 (quoting section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012). However, we find MSHP's reliance on *W.C.H.* is misplaced because the version of section 610.140.5 (1) and (2) RSMo analyzed under *W.C.H.* is not substantially similar to the version of the statute at issue here. *See W.C.H.*, 546 S.W.3d at 613 n.1, 613-15 (interpreting section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012); *compare* section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012 *with* the August 2018 version of section 610.140.5 (1) and (2).[7]

Further, MSHP's argument is contrary to the plain and ordinary meaning of the August 2018 version of section 610.140.5 (1), which clearly states in relevant part that expungement of a

---

[6] All references to section 610.140.5 (1) and (2) RSMo. Cum. Supp. 2012 incorporate legislative amendments made in 2012 and which were effective from August 28, 2012 through December 31, 2017.

[7] Section 610.140.5 RSMo Cum. Supp. 2012 states in relevant part:

> . . . At the hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses listed in the petition for expungement:
> (1) It has been at least twenty years if the offense is a felony, or at least ten years if the offense is a misdemeanor, municipal offense, or infraction, since the person making the application [has] completed:
> (a) Any sentence of imprisonment; or
> (b) Any period of probation or parole;
> (2) The person has not been found guilty of a misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense in subdivision (1) of this subsection[.]

In contrast, as previously mentioned, the statute at issue in this case, the August 2018 version of section 610.140.5, provides in relevant part:

> . . . At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:
> (1) At the time the petition is filed, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;
> (2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.]

6

felony may be granted if, *inter alia*, "*At the time the petition is filed*, it has been at least seven years . . . from the date the petitioner completed any authorized disposition imposed . . . for each offense . . . listed in the petition . . .." (emphasis added). We find by adding this emphasized statutory language, "[t]he legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserves[s] the second chance provided by the statute." *See R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38, 39-42, 41 n.3 (Mo. App. W.D. 2019) and *S.Y. v. Askren*, 581 S.W.3d 721, 721-23, 722 n.2 (Mo. App. W.D. 2019) (both similarly finding with respect to a pre-August 2018 version of section 610.140.5 (1) and referencing the August 2018 version of the statute); *see also* the August 2018 version of section 610.140.5 (1).

Based on the foregoing, the phrase "[a]t the time the petition is filed" in the August 2018 version of section 610.140.5 (1) clearly indicates the relevant seven-year period is the seven-year period immediately preceding the filing of the petition requesting expungement of a felony conviction. *See id*. In other words, the time period specified in the August 2018 version of section 610.140.5 (1) starts from when the petition for expungement is filed and counts backwards in time seven years.

Here, S.E.M.'s petition requesting expungement of his two prior felony drug convictions was filed on June 22, 2018. It is undisputed S.E.M. has not pleaded guilty to or been convicted of any offense since 1993 and that all of the obligations relative to the disposition of the offenses have been completed well before the seven-year time period immediately prior to the filing of the petition requesting expungement (between June 22, 2011 and June 22, 2018). Therefore, MSHP's argument that the trial court erred in granting S.E.M.'s request for expungement under the timing requirements of the August 2018 version of section 610.140.5 (1) and (2) has no merit. Point denied.

### III.    CONCLUSION

Based on the foregoing, the trial court's judgment granting S.E.M.'s petition requesting expungement of two prior felony drug convictions is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Robert G. Dowd, Jr., J., and
Roy L. Richter, J., concur.