

# Missouri Court of Appeals

## Southern District

### Division One

G.E.D.,[1]                                          )
                                                    )
    Petitioner-Respondent,       )
                                                    )
vs.                                                 )  No. SD35871
                                                    )  Filed: January 8, 2020
                                                    )
MISSOURI STATE HIGHWAY PATROL,                      )
                                                    )
    Defendant-Appellant.            )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Judge

**AFFIRMED**

The Missouri State Highway Patrol ("the MSHP")[2] appeals the trial court's judgment

expunging a criminal record of G.E.D. In one point, the MSHP argues that the trial court erred in

granting expungement in that G.E.D. pled guilty to a subsequent misdemeanor less than seven

---

[1] "We refer to this party by initials to protect the identity of the party. It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal." ***R.G. v. Missouri State Highway Patrol***, 580 S.W.3d 38, 39 n.1 (Mo.App. W.D. 2019). "To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." ***Id.***

[2] The petition also named "Christian County Circuit Court," "Christian County Prosecuting Attorney," "Christian County Sheriff's Department," and "Missouri Department of Corrections, Directors Office." *See* section 610.123.2, RSMo Cum.Supp. 2005. None of these additional parties have filed a brief in this matter.

years after his felony conviction, rendering him ineligible for expungement pursuant to section 610.140.[3] Finding no merit in the MSHP's point, we deny the same and affirm the judgment of the trial court.

## Facts and Procedural History

On July 20, 2018, G.E.D. filed a petition in the Circuit Court of Christian County seeking the expungement of his conviction for the class C Felony of possession of a controlled substance, in Christian County Case No. CR029700315. The MSHP filed a motion to dismiss, arguing that expungement was barred, pursuant to section 610.140, in that G.E.D. completed disposition of his felony on November 3, 2003, and was subsequently found guilty of a misdemeanor on March 27, 2007, less than seven years after disposition of the felony sentence for which he was seeking expungement.

A hearing on the motion to dismiss was held on October 31, 2018, and was subsequently denied.

An evidentiary hearing on the petition for expungement was held on November 7, 2018. G.E.D. testified that he was seeking expungement of his felony arrest that occurred on November 12, 1997, and that he completed his sentence on or about November 3, 2003. G.E.D. admitted that he pled guilty to the class B misdemeanor of failure to register a motor vehicle, on or about March 27, 2007, in Greene County, Missouri.

On November 8, 2018, the trial court entered judgment granting the expungement. This appeal followed.

---

[3] References to section 610.140 are to RSMo. Cum.Supp. 2018, effective August 28, 2018, unless otherwise indicated. *See* **S.E.M. v. St. Louis County**, No. ED107403, 2019 WL 6314542, at *2 (Mo.App. E.D. Nov. 26, 2019) ("Because section 610.140 RSMo is remedial and the legislature has not expressly stated that the statute operates prospectively, section 610.140 RSMo operates retrospectively.") (Applying the version of section 610.140 applicable at the time judgment was issued). In light of **S.E.M.**, the August 2018 version of section 610.140 is applicable here. *See also*, **S.Y. v. Askren**, 581 S.W.3d 721, 722 n.2. (Mo.App. W.D. 2019).

In one point on appeal, MSHP argues that the trial court erred in granting expungement because the trial court lacked discretion to do so pursuant to section 610.140.

## Standard of Review

In this court-tried case, the judgment of the circuit court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. The trial court's application of statutory requirements is a question of law rather than fact and is reviewed *de novo*.

***S.Y. v. Askren***, 581 S.W.3d 721, 722 (Mo.App. W.D. 2019).

## Analysis

In MSHP's sole point, it argues that "the trial court erred in granting expungement" in that "the trial court had no discretion" to do so. MSHP argues that section 610.140 should be interpreted to require that "petitioner has not been found guilty of any other disqualifying misdemeanor or felony for at least seven years from the date the petitioner completed any authorized disposition under section 557.011," and that G.E.D. failed to meet that requirement because he "pled guilty to a subsequent misdemeanor less than four years after such a disposition."

The issue before us is whether the good-behavior provision of section 610.140.5(2) is to be measured: (1) forward from the time petitioner completed disposition from the conviction sought to be expunged, or (2) backward from the time petitioner files his petition for expungement.

As relevant here, section 610.140.5 recites:

At any hearing, the court may accept evidence and hear testimony on, and consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:

(1) At the time the petition is filed, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;

(2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.]

In support of its argument, MSHP directs this court to **_W.C.H. v. State_**, 546 S.W.3d 612 (Mo.App. E.D. 2018). There, the Eastern District of this Court indicated that "the time period specified in § 610.140.5(1) (2012 version) begins on the date that petitioner has completed the obligations arising out of his conviction." **_W.C.H._**, 546 S.W.3d at 615. MSHP argues that "[s]ince _W.C.H._, statutory amendments have made other changes to Missouri's expungement laws, but have not changed the method of calculating the time without conviction necessary for an expungement."

After all briefs were filed in this case, the Eastern District explicitly rejected MSHP's argument as to the applicability of **_W.C.H._** to the August 2018 version of section 610.140.5 in **_S.E.M. v. St. Louis County_**, No. ED107403, 2019 WL 6314542, (Mo.App. E.D. Nov. 26, 2019):

> In this case, MSHP asserts the trial court erred in granting S.E.M.'s petition requesting expungement of the felony drug convictions under the preceding timing requirements because S.E.M. had been found guilty of another crime (misdemeanor stealing in April 1993) during the seven-year period following completion of the authorized disposition imposed. MSHP argues the applicable time frame of seven years must have elapsed without future convictions – measured from the date of completion of disposition of the felony drug convictions. So because S.E.M. was found guilty of a misdemeanor in April 1993, during the seven-year period after February 1993 (when S.E.M. completed the disposition imposed for the felony drug crimes), MSHP asserts expungement of S.E.M.'s 1987 felony drug crimes is forever barred.
>
> In support of the above argument, MSHP primarily relies on this Court's decision in _W.C.H._, which held "'the time period specified' in section 610.140.5 (1) RSMo. Cum. Supp. 2012 begins on the date that the 'person making the application has completed' any sentence of imprisonment or any period of probation or parole, not the date of the petitioner's conviction for the offense he or she is seeking to expunge." 546 S.W.3d at 615 (quoting section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012). However, we find MSHP's reliance on _W.C.H._ is misplaced because the version of section 610.140.5 (1) and (2) RSMo analyzed under _W.C.H._ is not substantially similar to the version of the statute at issue here. _See W.C.H._, 546

4

S.W.3d at 613 n.1, 613-15 (interpreting section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012); *compare* section 610.140.5 (1) and (2) RSMo Cum. Supp. 2012 *with* the August 2018 version of section 610.140.5 (1) and (2).

Further, MSHP's argument is contrary to the plain and ordinary meaning of the August 2018 version of section 610.140.5 (1), which clearly states in relevant part that expungement of a felony may be granted if, *inter alia*, "*At the time the petition is filed*, it has been at least seven years . . . from the date the petitioner completed any authorized disposition imposed . . . for each offense . . . listed in the petition[.]" (emphasis added). We find by adding this emphasized statutory language, "the legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserves the second chance provided by the statute." *See R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38, 39-42, 41 n.3 (Mo. App. W.D. 2019) and *S.Y. v. Askren*, 581 S.W.3d 721, 721-23, 722 n.2 (Mo. App. W.D. 2019) (both similarly finding with respect to a pre-August 2018 version of section 610.140.5 (1) and referencing the August 2018 version of the statute); *see also* the August 2018 version of section 610.140.5 (1).

Based on the foregoing, the phrase "at the time the petition is filed" in the August 2018 version of section 610.140.5 (1) clearly indicates the relevant seven-year period is the seven-year period immediately preceding the filing of the petition requesting expungement of a felony conviction. *See id.* In other words, the time period specified in the August 2018 version of section 610.140.5 (1) starts from when the petition for expungement is filed and counts backwards in time seven years.

***S.E.M.***, 2019 WL 6314542, at *3–4 (internal footnote omitted).

MSHP requests that this Court resolve the "inconsistency" between the districts of this Court with respect to their treatment of section 610.140. We discern no inconsistency as applicable here—the premise underlying MSHP's argument has now been rejected (explicitly and impliedly) by all three districts of this Court. *See e.g.*, ***S.E.M.***, 2019 WL 6314542, at *3–4; ***R.G. v. Missouri State Highway Patrol***, 580 S.W.3d at 42 n.3; ***S.Y. v. Askren***, 581 S.W.3d at 722–23 n.2; *cf.* ***L.F.W. v. Missouri State Highway Patrol Criminal Records Repository***, 585 S.W.3d 846, 854 (Mo.App. S.D. 2019); ***T.V.N. v. Missouri State Highway Patrol Criminal Justice Info. Services***,

No. WD82341, 2019 WL 5874670, at *1 n.2, *4 n.4 (Mo.App. W.D. Nov. 12, 2019); *J.A. v. Dep't of Corr.*, No. WD82606, 2019 WL 6843497, at *2 (Mo.App. W.D. Dec. 17, 2019).

MSHP fails to demonstrate that the trial court erred in granting G.E.D.'s petition for expungement. MSHP's point is denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS