

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

SPENCER BRADLEY EKSTAM,     )     No. ED108230

    ) 

    Respondent,     )     Appeal from the Circuit Court

    )     of Franklin County

    vs.     )     18AB-AC02704

    ) 

DIRECTOR OF REVENUE,     )     Honorable Stanley D. Williams

STATE OF MISSOURI,     ) 

    ) 

    Appellant.     )     Filed: August 11, 2020

## OPINION

The Director of Revenue for the State of Missouri ("the DOR") appeals the judgment of

the Circuit Court of Franklin County ("trial court") which reinstated Spencer Bradley Ekstam's

("Respondent") driving privileges because there was not a "conviction" under section 302.462.1

RSMo Cum. Supp. 2018 (effective January 1, 2017 to the present) ("section 302.462.1"). We

affirm.

## I. BACKGROUND

On November 14, 2018, Respondent pleaded guilty to failing to comply with ignition

interlock requirements in the trial court, a violation of section 577.599 RSMo Cum. Supp. 2018

(effective January 1, 2017 to the present) ("section 577.599"). After Respondent entered his

plea, the trial court gave Respondent a suspended imposition of sentence ("SIS") and placed him

on probation for two years. Subsequently, the DOR was notified of Respondent's guilty plea and

revoked Respondent's driving privileges for one year from the date of the November 14, 2018 plea hearing.

Then, on December 17, 2018, Respondent filed a petition for judicial review of the DOR's decision revoking his driving privileges. Respondent argued his driving privileges should be reinstated because, (1) section 302.462.1 requires a conviction related to charges brought under section 577.599 before the DOR may revoke a person's driving privileges; and (2) Respondent had not received a conviction. In response, the DOR contended section 302.462.1 does not require a conviction and the DOR must revoke a person's driving privileges merely upon a finding of guilt to a violation of section 577.599.

After holding a hearing on July 12, 2019, the trial court found in favor of Respondent and ordered the DOR to reinstate his driving privileges because section 302.462.1 requires a conviction relating to charges brought under section 577.599 before the DOR has the authority to order license revocation for one year. The trial court found there was no judgment of conviction in this case because Respondent was given an SIS and probation, which he still was on at the time of the July 2019 hearing. The DOR now appeals.

## II.    DISCUSSION

In the DOR's sole point on appeal, it contends the trial court erred in reinstating Respondent's driving privileges because section 302.462.1 requires a revocation merely upon a finding of guilt to a violation of section 577.599. For the reasons discussed below, we disagree.

### A.    Standard of Review

"Appellate courts review the trial court's judgment in a license suspension or revocation case like any other court-tried civil case." *Stiers v. Director of Revenue*, 477 S.W.3d 611, 614 (Mo. banc 2016) (quotations omitted). In reviewing a court-tried case, we will uphold the

2

judgment of the trial court unless it is against the weight of the evidence, not supported by substantial evidence, or erroneously declares or applies the law. *Id*.

**B.      Whether the Trial Court Erred in Reinstating Respondent's Driving Privileges**

The facts in this case are undisputed. The sole question presented is whether a finding of guilt to a violation of section 577.599 coupled with an SIS and probation mandates revocation of a driver's license under section 302.462.1. This issue is a matter of statutory interpretation which is a question of law that is subject to de novo review. *See Roesing v. Director of Revenue*, 573 S.W.3d 634, 637 (Mo. banc 2019); *Stiers*, 477 S.W.3d at 614.

Our primary rule in interpreting statutes is to determine the intent of the legislature from the language used, to give effect to the intent, and to consider the words in their plain and ordinary meaning. *Dynasty Home, L.C. v. Public Water Supply District Number 3 of Franklin County*, 453 S.W.3d 876, 879 (Mo. App. E.D. 2015); *see Stiers*, 477 S.W.3d at 615. "When the words [of a statute] are clear, there is nothing to construe beyond applying the plain meaning of the law." *Lumetta v. Sheriff of St. Charles County*, 413 S.W.3d 718, 720 (Mo. App. E.D. 2013) (quoting *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)). Furthermore, "[a] court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." *Id*.

The statute in controversy, section 302.462.1, states: "[i]n addition to any other provisions of law, upon a finding of guilt to a violation of section 577.599, the department of revenue shall revoke the person's driving privilege for one year from the date of conviction."

Based on the plain and ordinary meaning of section 302.462.1, we hold "a finding of guilt to a violation of section 577.599" and a "conviction" with respect to such an offense is required before a one-year revocation of a person's driving privileges can occur. *See* section 302.462.1.

The plain and ordinary meaning of the statute further provides that if both "a finding of guilt to a violation of section 577.599" and a "conviction" with respect to such an offense occurs, the timetable for revocation of driving privileges is "one year from the date of conviction." *See* section 302.462.1. We will not look beyond the plain and ordinary meaning of the statute because we are not convinced it is ambiguous or leads to an absurd or illogical result. *See Lumetta*, 413 S.W.3d at 720; *see also Bateman*, 391 S.W.3d at 446.

Because the DOR only has the authority to revoke a person's driving privileges for one year if there is a finding of guilt to a violation of section 577.599 and a conviction with respect to such an offense, we now must determine whether both of those requirements have been met here. It is undisputed Respondent was found guilty of a violation of section 577.599. Accordingly, the only issue is whether a conviction occurred under the circumstances of this case, where Respondent was given an SIS, Respondent was placed on probation, and there is nothing in the record reflecting Respondent's probation was revoked.

"It is well settled under Missouri law that an SIS is neither a conviction nor a sentence." *Brown v. State*, 600 S.W.3d 829, 833 (Mo. App. E.D. 2020) (citing *Roe v. Replogle*, 408 S.W.3d 759, 762 n.2 (Mo. banc 2013); *Hoskins v. State*, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010); *Yale v. City of Independence*, 846 S.W.2d 193, 195 (Mo. banc 2010)). Additionally, an SIS "defers the sentencing as well as the entry of a conviction on [a] defendant's record." *Hoskins*, 329 S.W.3d at 698 n.3. When an individual is on probation with an SIS, "the court may revoke his probation and impose any sentence within the limit set by law for the offense." *Id*. However, a person given an SIS "who successfully completes probation does not have a criminal conviction on his record . . .." *Id*.; *see also Roe*, 408 S.W.3d at 762 n.2; *Brown*, 600 S.W.3d at 833.

4

Based on the foregoing, there is no conviction under the circumstances of this case, where Respondent was given an SIS, Respondent was placed on probation, and there is nothing in the record reflecting that Respondent's probation was revoked.[1]  Accordingly, pursuant to the plain and ordinary meaning of section 302.462.1, the DOR does not have the authority to revoke Respondent's driving privileges.  Therefore, the DOR's contention that the trial court erred in reinstating Respondent's driving privileges has no merit.  Point denied.

### III.    CONCLUSION

The trial court's judgment reinstating Respondent's driving privileges is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Robert G. Dowd, Jr., J., and
Michael E. Gardner, J., concur.

---

[1] The DOR argues the use of the word "conviction" should take the meaning found in *Akins v. Director of Revenue*, 303 S.W.3d 563, 565 (Mo. banc 2010) (conviction means "the act of proving, finding, or adjudging a person guilty of an offense or crime") (citation omitted).  We disagree, because the circumstances in *Akins* are distinguishable from those in this case.  Here, the issue is whether an individual has a "conviction" under section 302.462.1 when he was given an SIS, he was placed on probation, and there is nothing in the record reflecting his probation was revoked.  *Akins* did not involve such an issue or circumstances but instead involved whether an individual "ha[d] been convicted more than twice for offenses relating to driving while intoxicated" under section 302.060(9) RSMo Supp. 2008.  *See Akins*, 303 S.W.3d at 564-67.  Accordingly, the DOR's reliance on *Akins* is misplaced.